UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- X
MINDMAP, LLC, a Nevada limited liability : 1:19-CV-01175-JMF
company; and SERENITY ALPHA, INC., a Nevada
corporation

                                                         **MEMORANDUM OF LAW IN
SUPPORT OF EMERGENCY
MOTION FOR REPLEVIN**

                                Plaintiff,    :

                                against    :

NORTHWAY MINING, INC., a New York :
Corporation; MICHAEL MARANDA, an individual;
CSX4236 MOTORCYCLE SALVAGE, LLC, a New
York limited liability company; DROR SVORAI, an
individual; MINING POWER GROUP, INC., a
Florida corporation

                              Defendant(s).    :
---------------------------------- X

Plaintiffs, Serenity and MinedMap et al., through counsel, T. Edward Williams, Esq., submit this Memorandum of Law in support of their Emergency Motion for Replevin as applicable to this Court by Rule 64 of the Federal Rules of Civil Procedure. In support thereof, Plaintiffs state as follows:

## BACKGROUND

As detailed more fully in Plaintiffs' Complaint, Plaintiffs mine (or manufacture) bitcoins. To manufacture bitcoins, bitcoin companies contract with third-party companies to host the bitcoin machines. Plaintiffs here contracted with Defendant, Northway Mining ("Northway"), for Northway to host 2,689 of Plaintiff's bitcoin machines. The bitcoin machines were delivered to Northway between September and October 2018. Plaintiffs also paid Northway $432,000.00

as deposit against electrical power costs Northway would incur in hosting Plaintiffs' bitcoin machines.

Northway did not plug in (or host) Plaintiffs' bitcoin machines. In addition, Michael Maranda, Northway's owner, spent Plaintiffs' $432,000.00 deposit on purchasing a car, paying his mortgage, making a down payment on a condo he purchased in Miami, and on other personal expenses. *See Affidavit of Ryan Lehmann* ("Lehmann Affidavit"), *passim*.

Plaintiffs have requested the return of their bitcoin machines, but Defendants have refused without specifying the reason for keeping Plaintiffs' bitcoin machines. Plaintiffs never granted Northway property interests in its bitcoin machines. As of late March 2019, Plaintiffs have been selling, destroying, or giving Plaintiffs' bitcoin mining machines to Michael Carter, an individual named in this lawsuit. Northway, its owner Michael Maranda, and Michael Carter have all been using or disposing of Plaintiffs' miners without Plaintiffs' consent. Affidavit of Allen Song ("Song Affidavit"), at ¶¶ 15, 21. By this Motion, Plaintiffs seek the return of their bitcoin machines before Defendants dispose of Plaintiffs' bitcoin machines.

## LEGAL STANDARD

Rule 64 of the Federal Rules of Civil Procedure makes state law remedies applicable to federal proceedings if there is no extant federal statute covering the same subject. Rule 64 provides, in its entirety, as follows:

> **Remedies under State Law—In General**. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal a federal statute governs to the extent it applies.

**Special Kinds of Remedies**.  The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action:
- arrest;
- attachment;
- garnishment;
- **replevin**;
- sequestration; and
- other corresponding or equivalent remedies.

Fed.R.Civ.P. 64(a)-(b) (*emphasis added*).

Research does not reveal an extant federal replevin statute, and so, Plaintiffs must turn to New York Law, specifically, New York Civil Practice and Law Rule ("CPLR") 7102.  Rule 7102(a) provides for the seizure of chattel "without delay."  CPLR 7102(a).  To prevail, a plaintiff must: (i) identify the property to be seized with particularity; (ii) identify the value of the property; (iii) demonstrate it is entitled to possession; (iv) demonstrate that the defendant is wrongfully withholding the property; and (v) demonstrate that it is unaware of any defenses that Defendant may assert claiming ownership to the property.  *See* CPLR 7102(d)(1).

Rule 7102(d) allows *ex parte* motions for replevin where there is an exigency.  *See* CPLR 7102(c)(7), (d)(3).  An exigency exists where the property may become "unavailable for seizure by reason of being transferred, concealed, disposed of, or removed from the state, or will become substantially impaired in value."  *Id.*

## DISCUSSION

### A. PLAINTIFFS ARE ENTITLED TO THE RETURN OF THEIR BITCOIN MACHINES UNDER CPLR 7102(A) AND (D).

As set forth in the affidavit of Allen Song and in the spreadsheet attached thereto, Plaintiffs own the bitcoin machines and they can so demonstrate.  Plaintiffs also identified the

bitcoin machines with particularity because in that Plaintiffs' description includes serial numbers. Moreover, Plaintiffs transported their bit coin machines to Northway for the sole purpose of Northway hosting the machines. Plaintiff never granted Northway a property interest in their bit coin mining machines. The Hosting Agreement does not grant Northway or anyone associated with Northway any interest in the bit coin machines. *See Hosting Agreement*, attached hereto as **Exhibit C**. Based on the foregoing, Northway is wrongfully withholding Plaintiffs' bitcoin machines. *See Affidavit of Ryan Lehmann*, attached hereto as **Exhibit D**, at ¶¶ 1–8. Plaintiffs are not aware of any defenses that Northway or Michael Maranda has that would demonstrate ownership in Plaintiffs' bit coin machines. *Song Affidavit*, at ¶ 20.

There is an exigency. Northway have been selling, transferring, or otherwise disposing of Plaintiffs bit coin machines. *Song Affidavit*, at ¶¶ 15, 21. Without seizure, Plaintiffs' bit coin machines will be lost forever.

B. **PLAINTIFFS ARE WILLING TO PROVIDE AN UNDERTAKING CONSISTENT WITH CPLR 7102(E).**

Rule 7102(e) requires the movant to provide an undertaking in an amount that is not less than at least twice the value of the chattel. CPLR 7102(e). The total current market value of Plaintiffs' 2,689 bitcoin machines is $900,000.00. At least twice $900,000.00 is $1.8 million dollars. CPLR 7102(e). Plaintiffs *can* make this undertaking. However, instead of making this undertaking immediately, Plaintiffs propose the following: (1) that the bitcoin machines be seized and kept in the possession of the United States Marshall with Plaintiffs bearing all transport, storage, and all other costs incident to the United States Marshall obtaining possession of the bitcoin machines; (2) that Northway and all Defendants who possess Plaintiffs' bit coin machines be given 7 days to show cause why the bitcoin machines should not be turned over to

Plaintiffs; (3) that if this Court determines, somehow, that Northway and or other Defendants are entitled to the bitcoin machines, the machines shall be returned to Northway with Plaintiffs bearing the costs of such return.  The foregoing is suggested because Plaintiffs do not know if how many of their bit coin machines are still at 2 Flint Mine Road Coxsackie, New York 12051. It would be wasteful for Plaintiffs to make the $1.8 million undertaking on the assumption that all 2,689 of the bit coin machine will all be recovered when that may not be accurate.

## CONCLUSION

Based on the foregoing, Plaintiffs seek an order that is similar in substance to the proposed order attached hereto.

April 18, 2019
New York, New York

RESPECTFULLY SUBMITTED,

By: /s/ T. Edward Williams, Esq.
T. Edward Williams, Esq.
Williams, LLP as a partnership of
Peyrot & Associates, PC
62 William Street 8th Floor
New York, New York 10005
Tel: 646.650.2785
Direct: 646.650.5139
Email: Edward.williams@peyrotlaw.com
*Attorneys for Plaintiffs*