**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**9384-2557 QUEBEC, INC., a Canadian corporation;**
**MINEDMAP, INC. a Nevada corporation; and**
**SERENITY ALPHA, LLC, a Nevada limited liability**
**company**

                                  **Plaintiffs,**

     v.                                                **1:19-CV-501**
                                                        **(TJM/CFH)**

**NORTHWAY MINING LLC, a New York limited**
**liability company, et al.,**

                                  **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


## DECISION & ORDER

      Before the Court is the motion of Plaintiffs Serenity Alpha, LLC, MinedMap, Inc. and 9384-2557 Quebec, Inc., for the Court to adopt an order entered in this case on April 22, 2019 by the Honorable Brian M. Cogan in the United States District Court for the Eastern District of New York.  See dkt. # 16.

      This case concerns a dispute over promises by the Defendants to help Plaintiffs mine bitcoin, an electronic currency.  See Complaint, dkt. # 1.  Broadly stated, Plaintiffs allege that Defendants engaged in a racketeering conspiracy and committed state-law torts when they falsely promised Plaintiffs that they could provide a facility that would permit Plaintiffs sufficient access to electricity to operate the computers they need to

engage in large-scale bitcoin mining.  Id. at ¶ 3.  Plaintiffs advanced Defendants large sums of money to purchase electrical power.  Id.  Instead, Defendants used those funds for their own purposes and frustrated the Plaintiffs' intended operations.  Id.  Relevant to the instant motion, Plaintiffs transported 2,689 bitcoin mining machines to Defendants.  Id. ¶ 88.  Defendants continue to possess those machines–which are presumably computers.  Id. at 166.

Plaintiffs filed a Complaint in the United States District Court for the Eastern District of New York on or about April 12, 2019.  See dkt. # 1.  On April 17, 2017, Plaintiffs filed an emergency motion for replevin in that court.  See dkt. # 7.  The motion sought return of the bitcoin mining machines that were in the Defendants' possession.  Id.  Plaintiffs included a spreadsheet describing the property and a brief in support of the motion.  See dkt. ##s 9-10.  After considering the issues, Judge Cogan issued the writ of replevin on February 22, 2019.  See dkt. ##s 11-12.

On April 25, 2019, Plaintiffs filed an emergency motion for a change of venue.  See dkt. # 13.  That motion represented that the United States Marshals Service could not execute on the order of replevin Judge Cogan issued because the order would have to be executed outside of the jurisdiction of the Eastern District of New York.  Id.  The order was to be executed in Coxsackie, New York, which is in this District.  Id.  Judge Cogan granted that motion in a text order on April 25, 2019.  Judge Cogan found that, as a venue, the Eastern District was "useless . . . because the assets on which [Plaintiffs] seek a prejudgment Order of Seizure are in the Northern District of New York, not this district, and thus they cannot be seized by the U.S. Marshal for the Eastern District of New York."

The Court will grant the Plaintiffs' motion to adopt Judge Cogan's order, grant the

motion for a writ of replevin, and issue the writ signed by Judge Cogan under this Court's signature.  The Court finds that the issue presently before the court is identical to the issue that Judge Cogan decided.  The issue is a preliminary one, and the Court sees no reason to disrupt that decision when Judge Cogan had time to consider the matter fully.  The Court's role here is simply to correct an error of venue and carry out a decision that a coordinate Court has already made.  In any case, the Court would adopt Judge Cogan's decision for the reasons stated therein.[1]

Accordingly, the Plaintiffs' motion to adopt the Order of Judge Cogan, dkt. # 16, is hereby GRANTED.  The Plaintiffs' emergency motion for replevin, dkt. # 7, is hereby GRANTED.  And it is hereby ORDERED that:

A.   The Clerk of this Court shall issue a writ of possession as provided in New York CPLR § 7102, pursuant to Federal Rule of Civil Procedure 64, directing the Marshal to seize the property described in the spreadsheet attached as an exhibit to the Affidavit of Allen song in support of the motion for a writ of replevin, dkt. # 9-2 (the "Property"),  and retain custody of it as provided by CPLR § 7102;

B.   The writ shall issue immediately.  Within five days of the entry of this order,

---

[1]This case is akin one where the law of the case doctrine would apply.  "The 'law of the case' doctrine . . . dictates that 'a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in a subsequent stages of the same litigation.'" Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200, 218 (2d Cir. 2002) (quoting In re Korean Air Lines Disaster, 789 F.Supp. 755, 759 (E.D.N.Y. 1992)).  This is a preliminary matter, however, and only one side has argued concerning the writ. The law of the case applies "only if 'the parties had a 'full and fair' opportunity to litigate the initial determination.'" Id. (quoting People v. Bilsky, 95 N.Y.2d 172, 175, 712 N.Y.S.2d 84, 734 N.E.2d 341 (2000)).  Still, the same pricinpal–continuity within the context of the case–applies.

       Plaintiffs shall file a written undertaking as required by NY CPLR § 7102(e) in the amount of $1,800,000.00;

C.    The Clerk of this Court shall attach a copy of this order to the writ;

D.    The Marshal may enter the following private place to take possession of the Property or some part thereof located at the following private place: the premises at 2 Flint Mine Road Coxsackie, New York 12051, which include unmarked garages and a building and office.  The Marshal may break in or use force to enter the premises at 2 Flint Mine Road Coxsackie, New York 12051 if Defendants do not allow entry.  In addition, representatives of Plaintiffs may accompany the Marshal to identify the bitcoin machines listed in the spreadsheet;

E.    Defendants shall transfer possession of the Property described herein to the Plaintiffs;

F.    Plaintiffs shall move for an order confirming the order of seizure on notice to Defendants and the Marshal within five days of the seizure of the Property under this order.  If Plaintiffs fail to move for such an order within five days of the seizure of the Property, then this order shall have no further effect and may be vacated upon the motion of Defendants; and

G.    Plaintiffs shall pay to the United States Marshals Service all fees and expenses required under 28 U.S.C. § 1921 in connection with this order.

    NOTICE TO DEFENDANTS: Failure to comply with any order of the Court to turn over possession of such Property to Plaintiffs may subject you to being held in contempt of court.

**IT IS SO ORDERED.**

Dated: April 29, 2019

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge