

28 SECOND STREET
TROY, NY 12180
PHONE: (518) 274-5820
FAX: (518) 274-5875

7 AIRPORT PARK BOULEVARD
LATHAM, NY 12110
PHONE: (518) 783-3843
FAX: (518) 783-8101

511 BROADWAY
SARATOGA SPRINGS, NY 12866
PHONE: (518) 584-8886

www.joneshacker.com

PLEASE REPLY TO:
TROY OFFICE

April 17, 2020

**VIA ECF**
The Honorable J. Thomas McAvoy
United States District Court
Northern District of New York
15 Henry Street
Binghamton, N.Y.  13901

Re:     Serenity Alpha LLC et. al. v. Northway Mining LLC et. al.
          Case No. 1:19-cv-00501

Dear Judge McAvoy:

This firm represents defendants Northway Mining LLC, Michael Maranda, Michael Maranda LLC and Hudson Data Center Inc. in the above referenced matter. Today I filed my Notice of Appearance for these defendants, and the parties filed a stipulation setting my clients' time to respond to the pleading in this action on May 25, 2020.  In fact, my clients waived service of the First Amended Complaint effective March 25, 2020 (see ECF Doc. #35), and the stipulated date of May 25 is, therefore, consistent with the sixty (60) response time afforded them by Fed. R. Civ. P. 4(d).

In reviewing the case docket, I note that before I appeared, the plaintiffs filed a "letter motion" on March 25, 2020, requesting the Court's permission to add three new defendants to the case: Oswego Data LLC, on Lori S. Thompson-Maranda, and on Lori S. Thompson-Maranda LCSW PLLC.  (ECF Doc. #33.)  Lori Thompson-Maranda is my client Michael Maranda's wife, and Lori S. Thompson-Maranda LCSW PLLC is her social work practice.

Although the Court appears not to have granted the plaintiffs' letter request, the docket indicates that on April 9, 2020, the plaintiffs electronically filed a "Second Amended Complaint" adding those new would-be parties as defendants.  (ECF Doc. #37.)

We respectfully object to the plaintiffs' letter request and filing of the Second Amended Complaint. Federal Rule 15(a)(1) provides that a plaintiff may amend the pleading once as of right within the earlier of: (a) twenty-one days after serving it; or (b) within twenty-one days after service of the defendant's responsive pleading.  The plaintiffs exercised their one amendment as of right when they filed the First Amended Complaint on March 12, 2020.  (ECF Doc. #29.)  Further amendment beyond that requires the Court's leave.  See Fed. R. Civ. P. 15(a)(2).  The Local Rules of this Court clearly require the plaintiff to make a motion to amend formally, on notice.  See Local Rule 7.1(4).

Since no motion has been made or granted, we regard the Second Amended Complaint as a nullity, and presume that our appearance should be directed to the First Amended Complaint—*i.e.*, the last

pleading that the plaintiffs filed as of right. If the plaintiffs elect to file a motion for leave to serve the Second Amended Complaint, my clients reserve the right to oppose that motion on the merits on the grounds that the amendments do not have merit. For reasons we would outline more fully in an opposition, there is no meritorious basis to bring Michael Maranda's wife (and her social work practice) into this case as defendants.

Sincerely,

E. STEWART JONES HACKER MURPHY, LLP


  */s/  John F. Harwick*
John F. Harwick, Esq.
jharwick@joneshacker.com
Direct Dial: (518) 213-0113