

**New York | Colorado**
7 World Trade Center
250 Greenwich Street, 46th Floor
New York, NY 10007
**T:** 212.634.9106
**F:** 212.202.6228
**W:** www.wmsintl.com

May 1, 2020

<u>VIA ECF</u>
The Honorable Christian F. Hummel
United States Magistrate Judge
United States District Court—Northern District of New York
James T. Foley Courthouse
Albany, New York 12207

**RE:    Serenity Alpha LLC et. al. v. Northway Mining LLC et. al., Case No. 19cv00501,**
    *Response to May 1, 2020 Letter Motion*

Dear Judge Hummel:

This firm represents Plaintiffs. Today, May 1, 2020, Defendants submitted a Letter Motion that requests nothing from this court but objects to the timeliness of Plaintiffs' Motion to Amend to add additional parties and additional claims filed at 5:37 AM EST via ECF.

Plaintiffs filed their motion a few hours later because of software issues. The undersigned, who, like others, is working from his home office, could not take his regular computers and other equipment from his office because of advice that items in the undersigned's office may have been contacted by individuals with Covid-19. Consequently, the undersigned ordered new computers and Rippling, the undersigned's back office provider, outfitted the undersigned's new computer with the applications the undersigned uses in his practice and shipped it to the undersigned. The undersigned uses ABBYY, a software that, among other things, compares documents. As the undersigned learned, however, ABBYY was not properly installed on the undersigned's new computer, and, as a result, ABBYY locked or imposed passwords on PDF files the undersigned had prepared to file with this Court.  (ABBYY produced Exhibit A submitted to this Court).

At 6:21 PM EST when the undersigned prepared to file, the ECF system rejected the documents the undersigned filed because they were password protected. The undersigned called Rippling for technical assistance at 6:43 EST but Rippling could not

readily figure out the problem.  The issue—that the documents were password protected and could not be filed on the ECF system—was not diagnosed until 4:25 AM EST, at which time the issue was fixed and the documents were reformatted and filed.

As stated above, the issue was a technical glitch that the undersigned stayed up until 5:50 AM EST to fix.  Defendants suffered no prejudice whatsoever, and their letter motion is inarticulate about any prejudice they may have suffered from a filing made a few hours later.

A short phone call would have cleared up this issue and obviated the need for Defendants' pointless Letter Motion.

Sincerely,

T. Edward Williams, Esq.

**With Copy To**:
Plaintiffs