

28 SECOND STREET
TROY, NY 12180
PHONE: (518) 274-5820
FAX: (518) 274-5875

7 AIRPORT PARK BOULEVARD
LATHAM, NY 12110
PHONE: (518) 783-3843
FAX: (518) 783-8101

511 BROADWAY
SARATOGA SPRINGS, NY 12866
PHONE: (518) 584-8886

www.joneshacker.com

PLEASE REPLY TO:
_____

June 4, 2020

**Via ECF**

Hon. Christian F. Hummel
United States Magistrate Judge
United States District Court—NDNY
James T. Foley Courthouse
Albany, N.Y.  12207

Re: Serenity Alpha LLC et. al. v. Northway Mining LLC, et al.
    Case No.: 19-cv-00501

Dear Judge Hummel:

I write in response to the plaintiff's letter of today (ECF Doc. #61), in which he seeks a pre-motion conference for non-dispositive motions: (i) to seek attorneys' fees and costs against the defendants for a motion to dismiss returnable before Judge McAvoy on June 8, 2020; and (ii) to convert the oral argument before Judge McAvoy on June 8 into an evidentiary hearing.  I note that Mr. Williams also filed a "Notice" shortly after that, purportedly granting himself the relief he seeks in the second proposed motion even though it has not been conferenced yet.  (ECF Doc. #62.)

As an initial matter, the plaintiff's counsel has not met and conferred with our office about these motions as he is required to by Local Rule 7.1(b)(2).  That rule provides that the parties "must make good faith efforts among themselves to reduce all differences relating to the non-dispositive issue."  The only attempt that Mr. Williams made was to email my colleague John Harwick and myself on May 27 to demand that we inform him by the end of the day whether we would "oppose" motions he was going to make for "fees and costs against you" and his motion to make the June 8 appearance "an evidentiary hearing."  (See copy attached.)  Mr. Williams did not explain even perfunctorily what the bases for his proposed motions were or what could be done to obviate them and, therefore, he did not make a good faith effort to "reduce all differences relating to the non-dispositive issue[s]."  Without more, obviously we told Mr. Williams we would oppose his motions.  (*Id.*)

**The Proposed Motion for Fees and Costs Relating to Our Pending Motion to Dismiss**

Presumably the basis for Williams' proposed motion for fees and costs is Rule 11.  Federal Rule 11(c)(2) provides that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  This Court's Local Rules have not set any different timeframe for the withdrawal of a challenged action, so Mr. Williams was required to explain to us what is allegedly sanctionable and give us 21 days to withdraw it if we credited his position.

Mr. Williams did not do that. He did not tell us what was allegedly sanctionable in his May 27 email and, even now, we have no earthly idea what his complaint is. We filed a partial motion to dismiss that has yet to be decided. I would wager that his grievance has something to do with the contract issues that are the grounds for his proposed motion for an evidentiary hearing (discussed below) but I cannot divine that because he has not told us, and his arguments for that application are just as opaque as his arguments here. Whatever his problem is, he did not tell us what it is, did not ask us to withdraw any argument or paper and, for that reason alone, he has no business "present[ing] [it] to the court." Fed R. Civ. P. 11(c)(2).

In any event, I do not see how Your Honor could seriously entertain a discussion now about sanctions relating to a motion that is going to be argued on Monday in front of Judge McAvoy.

## The Proposed Motion for an Evidentiary Hearing

Apparently this proposed motion has to do with our argument in the motion to dismiss that the claims of Quebec and Serenity must be dismissed because both of those plaintiffs executed contracts with defendant Northway Mining LLC which contained forum selection clauses specifying that litigation be held in Greene County, New York. Apparently he contends that those agreements are inapplicable.

It is difficult to make sense of Mr. Williams' argument because he has an inconvenient habit of not attaching documents to his papers even when he cites them as Exhibits. The pleading that is the subject of our motion to dismiss is the [first] Amended Complaint[1] ("FAC," ECF Doc. #29).

In paragraph 39 of the FAC, Mr. Williams alleges that Quebec and Northway entered into a "Hosting Services Agreement," which he cites as "Exhibit 1." But he does not attach the document as Exhibit 1. So, in our motion to dismiss, we included a sworn Declaration by defendant Michael Maranda which authenticated the Hosting Services Agreement that Northway had with Quebec, and attached it to the Maranda Declaration as Exhibit A. (ECF Doc. #55-2 and #55-3.)

In paragraphs 187 – 192 of the FAC, Mr. Williams alleges that plaintiff Serenity is also a party to a contract with Northway (he says that all the plaintiffs are), but he does not attach a copy of that contract. So, in our motion to dismiss, the sworn Declaration of Michael Maranda the authenticated the Hosting Services Agreement that Northway had with Serenity, and attached it to the Maranda Declaration as Exhibit B. (ECF Doc. #55-2 and #55-4.)

In his opposition to the motion to dismiss, Mr. Williams submitted only a hybrid attorney affirmation/memorandum of law signed by him. (ECF Doc. #58.) In that document, he completely ignored our presentation of the Serenity contract: he did not deny that it was formed or claim that it

---

[1]     The plaintiff has a motion pending for leave to file a Second Amended Complaint.

was superseded, or anything else.  And he certainly did not submit a sworn declaration from his client to that effect.

In his opposition, Mr. Williams did cryptically argue (with no evidence) that Quebec and Northway "expressly rescinded" the Quebec contract that we attached to the Maranda Declaration, and that the parties "entered into a subsequent agreement" on October 18, 2018. (ECF Doc. #58 pg. 12.)   But here again, *he did not attach a copy of that purported October 18, 2018 document*, but instead purportedly quoted one passage from it that doesn't even necessarily read like a contract:

> Northway Mining, LLC hereby releases to 9384–2557 Quebec [sic] Inc. 22 pallets of Bitmain miners/power supply's which were previously removed from the racks/pulled out of service due to contract cancellation by authorized 9384–2557 Quecbec [sic] Inc. staff/contractors whom [sic] prepared the pallets for freight transport.

If this document—whatever it is—is Mr. Williams' answer to our argument for dismissal due to improper venue, it was incumbent upon him to give the defendants and the Court a copy of it in opposition to the motion, along with a declaration by someone with knowledge swearing to what it is.  If he could not be bothered to do that in his opposition papers, he should not be allowed to highjack the oral argument and convert it into an evidentiary hearing.  If he wanted a hearing he should have made a coherent offer of proof.

In his letter of today, Mr. Williams suggests that the hearing is necessary because we moved for dismissal under "Rule 12(b)(6)," and "the Court cannot consider any of the additional documents the Defendants filed with their motion" under Rule 12(b)(6).  He continues: "Where there is a challenge to forum, the proper way to proceed is under Rule 12(b)(3), not Rule 12(b)(6)."  This is nonsense because:

- We did proceed under Rule 12(b)(3).  Our motion was brought under both 12(b)(6) and 12(b)(3).  It's right there in our Notice of Motion (ECF Doc. #55), it's right there in the Preliminary Statement and Conclusion of our Memorandum of Law (ECF Doc.#55-1 pg. 1 and 20), and it's right there in our point heading for this argument, where we argued for dismissal on the basis of "forum non-conveniens." (ECF Doc. #55-1 pg. 17); and

- Even if we had filed under only Rule 12(b)(6), the idea that the Court cannot consider the contracts attached to the Maranda Declaration is dead wrong.  *See Carl v. Dirie*, 2010 WL3338566 (N.D.N.Y. Mar. 29, 2010)(noting that a court "may consider documents attached to the pleadings, *documents referenced in the pleadings, or documents that are integral to the pleadings*" in deciding a motion to dismiss [emphasis added]).

Finally, one has to wonder why Mr. Williams waited until Thursday June 4 to present his proposed motion for a hearing on Monday June 8.  His May 27 email to us (attached) indicates that he had found inspiration for this motion as early as the 27th, so why is he only presenting it now 8 days later, and a couple of business days before June 8?

We will be available to conference this matter at the Court's convenience, but the proposed motions are without merit.

Sincerely,

E. STEWART JONES HACKER MURPHY, LLP

_____
Benjamin F. Neidl, Esq.
bneidl@joneshacker.com
Direct Dial: (518) 270-1253