UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒  X

| | | |
|---|---|---|
| 9384-2557 Québec Inc., a Canadian corporation; MINEDMAP, INC., a Nevada corporation; and SERENITY ALPHA, LLC, a Nevada limited liability, and other similarly situated individuals | : | 1:19-CV-00501-TJM-CFH |
| | | **MOTION REQUESTING EVIDENTIARY HEARING** |
| Plaintiff, | : | |
| against | : | **(ECF Case)** |
| NORTHWAY MINING, LLC, a New York limited liability company; MICHAEL MARANDA, an individual; MICHAEL CARTER, an individual; CSX4236 MOTORCYCLE SALVAGE, LLC, a New York limited liability company; DROR SVORAI, an individual; MINING POWER GROUP, INC., a Florida corporation; HUDSON DATA CENTER, INC, a New York Corporation, MICHAEL MARANDA, LLC, a New York Limited liability company; PORTER KING HILL CONTRACTING, LLC,  a New York limited liability company; Coinmint, LLC, a Delaware    limited liability company; OSWEGO DATA LLC, a New York Limited Liability Company; LORI S. THOMPSON, LCSW, PLLC, a professional limited liability corporation; LORI S. THOMPSON, an individual, ANTHONY PORTER, an individual; and DONALD D'AVANZO, an individual | : | |
| Defendants. | : | |

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒  X

Plaintiffs, MinedMap et. al., through counsel, T. Edward Williams, Esq., files this Motion seeking an Evidentiary Hearing on Defendants' Motion to Dismiss and state as follows:

1. Defendants scheduled a hearing on their Motion to Dismiss for June 8, 2020, but this Court stated that it does not intend to conduct an evidentiary hearing. For the first time, in their Reply in support of their Motion to Dismiss, Defendants state they brought their motion under Rule 12(b)(3), which permits this Court to review documents and consider testimony outside of the pleadings. *See, e.g.*, *United States v. Anderson*, 2005 U.S. Dist. Lexis 940, *1–2 (S.D.N.Y. 2005) (allowing evidentiary hearing to understand the totality of the circumstances surrounding the issues raised in Defendants' Motion to Dismiss. For example, while Defendants argue for dismissal based on the forum selection clauses in contracts they claim Plaintiffs' executed with them, the agreements were in fact not executed by Plaintiffs and Plaintiffs did not sue on the Agreements Defendants provided.

2. Further, the Agreements provided by Defendants were part of the extensive fraud committed by Defendants against the Plaintiffs in this case and Plaintiffs brining other cases. Similarly, Defendants' argument that Plaintiffs RICO claim should be dismissed because Defendants have not alleged an open or close-ended pattern of racketeering is false. Defendants continues to sell Plaintiffs' bitcoin miners through various dealers in a manner that Plaintiffs are not able to find out about the sale until it has been completed. Finally, as to Defendants' 4(m) argument, this Court will need to review communications—*in camera*—from the FBI to properly understand why Defendants did not submit a RICO statement earlier in this proceeding.

3. Without an evidentiary hearing, this Court is not grasp the magnitude or scope of the fraud Defendants have perpetuated using companies and family members.

4. Prior to submitting this motion, the undersigned complied with his obligations under L.R. 7.2(b)(2).

Dated this 8th day of June 2020.
New York, New York

**RESPECTFULLY SUBMITTED**,

*/s/ T. Edward Williams, Esq.*
T. Edward Williams, Esq. Bar No. 5634738
WILLIAMS LLP
7 World Trade Center
250 Greenwich 46th FL.
New York, New York 10007
Tel: 212.634.9106
Fax: 212.202.6228
Edward.williams@wmsintl.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 8th day of June 2020, this **MOTION REQEUSTING EVIDENTIARY HEARING** was served on the following individuals:

John Harwick, Esq. *via ECF*
*Counsel for Maranda Defendants*