UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

---------------------------- X

9384-2557 Québec Inc., a Canadian corporation; MINEDMAP, INC., a Nevada corporation; and SERENITY ALPHA, LLC, a Nevada limited liability, and other similarly situated individuals : 1:19-CV-00501-TJM-CFH

**EMERGENCY MOTION FOR EXPIDITED DISCOVERY UNDER FRCP 26(D)(1)**

Plaintiff, :

against : **(ECF Case)**

NORTHWAY MINING, LLC, a New York limited liability company; MICHAEL MARANDA, an individual; MICHAEL CARTER, an individual; CSX4236 MOTORCYCLE SALVAGE, LLC, a New York limited liability company; DROR SVORAI, an individual; MINING POWER GROUP, INC., a Florida corporation; HUDSON DATA CENTER, INC, a New York Corporation, MICHAEL MARANDA, LLC, a New York Limited liability company; PORTER KING HILL CONTRACTING, LLC, a New York limited liability company; COINMINT, LLC, a Delaware limited liability company; OSWEGO DATA LLC, a New York Limited Liability Company; LORI S. THOMPSON, LCSW, PLLC, a professional limited liability corporation; LORI S. THOMPSON, an individual, ANTHONY PORTER, an individual; and DONALD D'AVANZO, an individual :

Defendants. :

---------------------------- X

Plaintiffs, MinedMap et. al., through counsel, T. Edward Williams, Esq., file this Motion for Expedited Discovery under FRCP 26(d)(1) and state as follows:

1.      Litigants may seek expedited discovery under Rule 26(d)(1) of the Federal Rules of Civil Procedure.  FRCP 26(d)(1); *North Atl. Operating Co. v. Evergreen Distribs., LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013).  In determining whether to grant expedited discovery courts apply the "flexible standard of reasonableness and good cause." *Id.* (collecting cases).  The reasonableness standard requires the movant to show that the requests are reasonable in light of the matter before the Court.  *Id.*  In *Ayyash v. Bank Al Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005), the District Court for the Southern District of New York allowed expedited discovery where the plaintiff made a strong showing that the defendants had the capacity to steal and hide their assets.  *Ayyash*, 233 F.R.D. at 326–27.  In *Stern v. Cosby*, 246 F.R.D. 453, 457–458 (S.D.N.Y. 2007) the Southern District of New York agreed that the flexible standard articulated in *North Atlantic Operating Company* was the better approach.

2.      In *Federal Express Corp. v. Federal Expresso*, 1997 U.S. Dist. Lexis 19144, *4 (N.D.N.Y. 1997), this District held that a litigant successfully makes a expedited discovery showing where the litigant shows "some connection between the expedited discovery and the avoidance of irreparable injury and some evidence that the injury that will result without the requested expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted."

3.      Here, Defendants stole more 3000 bitcoin miners from Plaintiffs. In addition, Defendants took nearly $600,000.00 from Plaintiffs.  Plaintiffs sought and obtained a Writ of Replevin from this  Court, but Defendants had moved Plaintiffs bitcoin miners to an

undisclosed location.  Recently, through research, Plaintiffs learned that Defendants' scheme has included insuring Plaintiffs' miners and thereafter, filing false police reports claiming that the miners were stolen and then collecting on the insurance proceeds.  For example, on **June 4, 2020**, Plaintiffs learned that Defendants had insured Plaintiffs' bitcoin miners through Western World Insurance Group, a subsidiary of American International Group, Inc. ("AIG") and had filed a false police report, claiming that bitcoin miners had been stolen.

      4. Because Plaintiffs' bitcoin miners and their deposits are no longer where Defendants claimed they would be, Plaintiffs seek narrow discovery to determine: (i) where their bitcoin miners and funds are; (ii) who ensured their miners and what insurance proceeds have been collected thereon; (iii) all police reports filed (the police reports were not always filed under Defendants' names) to support Defendants' theft claims; (iv) identification of additional third parties to whom Plaintiffs miners were transferred; (v) all IP records from NiceHash, a crypto currency platform, showing mining activities for Northway, Michael Maranda, and other individuals connected to Northway and Michael Maranda; and (vi) IP Record from other crypto currency platforms other than NiceHash that Michael Maranda, Northway Mining and others used in relation to Plaintiffs' bitcoin miners.

4.      Prior to submitting this motion, the undersigned complied with his obligations under L.R. 7.2(b)(2).  Specifically, the undersigned provided time frame to meet and confer with Plaintiffs' counsel, but in weaponizing the conferral process, Defendants' counsel have not responded. *See Exhibit A*, annexed to this Motion. **An exigency exists here because, as this Motion is written, Defendants continue to dissipate Plaintiffs' assets, further exposing Plaintiffs to the likelihood that without something being done, Plaintiffs' $10 million dollar business will be forever destroyed**.

Dated this 8th day of June 2020.
New York, New York

**RESPECTFULLY SUBMITTED**,

*/s/ T. Edward Williams, Esq.*
T. Edward Williams, Esq. Bar No. 5634738
WILLIAMS LLP
7 World Trade Center
250 Greenwich 46th FL.
New York, New York 10007
Tel: 212.634.9106
Fax: 212.202.6228
Edward.williams@wmsintl.com

4

## CERTIFICATE OF SERVICE

      I hereby certify that on this 8th day of June 2020, this **EMERGENCY MOTION FOR EXPEDITED DISCOVERY** was served on the following individuals:

John Harwick, Esq. *via ECF*
*Counsel for Maranda Defendants*