UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

---------------------------- X
9384-2557 Québec Inc., a Canadian : 1:19-CV-00501-TJM-CFH
corporation; MINEDMAP, INC., a Nevada
corporation; and SERENITY ALPHA, LLC, a
Nevada limited liability, and other similarly **MOTION FOR LEAVE EFFECT**
situated individuals **SERVICE BY PUBLICATION ON**
**MICHAEL CARTER, DROR**
**SVORAI, AND MINING POWER,**
**INC.**

                  Plaintiff, :

                  against : **(ECF Case)**

NORTHWAY MINING, LLC, a New York limited :
liability company; MICHAEL MARANDA, an
individual; MICHAEL CARTER, an individual;
CSX4236 MOTORCYCLE SALVAGE, LLC, a New
York limited liability company; DROR SVORAI,
an individual; MINING POWER GROUP, INC., a
Florida corporation; HUDSON DATA CENTER,
INC, a New York Corporation, MICHAEL
MARANDA, LLC, a New York Limited liability
company; PORTER KING HILL CONTRACTING,
LLC,  a New York limited liability company;
COINMINT, LLC, a Delaware    limited liability
company; OSWEGO DATA LLC, a New York
Limited Liability Company; LORI S. THOMPSON,
LCSW, PLLC, a professional limited liability
corporation; LORI S. THOMPSON, an individual,
ANTHONY PORTER, an individual; and DONALD
D'AVANZO, an individual

                  Defendants. :
---------------------------- X

Plaintiffs, through counsel, T. Edward Williams, Esq., submits this Motion to Effect Service by Publication on Defendants, Michael Carter, Dror Svorai, and Mining Power, Inc. In support of this Motion, Defendants state as follows:

## BACKGROUND

1. Defendants, Michael Carter, Dror Svorai, and Mining Power Group, Inc., a defunct company owned by Dror Svorai, are each named in this suit. Defendants all had an address of 2 Flint Mine Road, where the United States Marshal Service served each of them on May 8, 2019. However, having been tipped off by John F. Harwick, Esq., that Pacer indicated this Court had issued a Writ of Replevin against them, Defendants scattered, increased their use burner phones, and made it difficult to be traced. Specifically, Defendant, Michael Carter, uses several burner phones to make it appear as if he is in a state other than New York or a country other than the United States. For example, one number Michael Carter used makes it appear as if he is in Selden, Missouri and another number makes it appear as if he is in a country other than the United States.

2. In addition, in a further effort to make finding them Defendant, Defendants misrepresented their legal representation. During a phone call with the undersigned, Defendant, Michael Carter, personally indicated that John F. Harwick, represented him and that service could be had on John F. Harwick, Esq. In February 2020, John F. Harwick, Esq. indicated that he was meeting with Michael Carter and Michael Maranda to discuss retaining

2

him. At the conclusion of that meeting, John Harwick indicated he had not been authorized to accept service on behalf of Michael Carter.

3. Thereafter, Plaintiffs conducted a skip trace on Michael Carter and Dror Svorai and found more than 50 telephone numbers and nearly 75 addresses associated with them. As to Defendant, Michael Carter, Plaintiffs looked through the addresses available for him, but none of those addresses appeared valid based on property records pulled. Plaintiffs later obtained a second skip trace on Michael Carter and that second skip trace report indicates Michael Carter spends time at 37 Dorset Street, Rochester, New York 14609. Before affecting service at that address, a phone number connected to Michael Carter and to the 37 Dorset address was called. The caller indicated he was looking for bitcoin miners and asked the answerer whether he had bitcoin miners for sale. The answerer was cagey, but nevertheless stated that he had bitcoin miners for sale. After this call, Plaintiffs affected service at the 37 Dorset Street address on Edward Carter, the father of Michael Carter. Edward Carter accepted service for Michael Carter. The Affidavit of service is filed with this Court. *See* ECF Doc. No. 57.

4. In the past few days, the individual who was served has claimed he is not the Michael Carter who stole from Plaintiffs but is in fact someone else. Plaintiffs are without any means of verifying the statements proffered by the individual claiming he is not the Michael Carter served by Plaintiffs.

5. As to Defendant Dror Svorai and his business, Mining Power Group, Inc., Plaintiffs have attempted service on them at least five times. Mining Power Group's known address is defunct:

on multiple attempts, no one has appeared at that office and apparently Florida law does not permit posting a lawsuit on the door of a business that no longer operates at that address even though it was their last known address.  In addition, Dror Svorai, who is under house arrest in Florida, is not answering the door.  In addition,  Maya & Maya Process Investigations, the process server, given the configuration of the building, has not been able to gain access to the building on multiple attempts.

**ARGUMENT**

6.      The Federal Rules of Civil Procedure authorizes service by publication but does not provide guidance on how service should be had.  *See SEC v. Anticevic*, 2009 U.S. Dist Lexis 11480 *12 (S.D.N.Y. 2009).  Federal Courts therefore rely on state law for guidance.  *Id.*  Rule 316 of the CPLR provide guidance on service by publication.  Rule 316 provides that service by publication shall:

> Direct that the summons be published together with the notice to the defendant, a brief statement of the nature of the action and the relief sought, and . . . and the sum of money for which judgment may be taken in case of default . . . in two newspapers, at least one in the English language, designated in the order as most likely to give notice to the person to be served for a specified time, at least once in each of four successive weeks.

*Id.;* CPLR 316.

7.      Here, given the difficulties Defendants have articulated above, Plaintiffs seek service by publication on Defendants, Michael Carter, Dror Svorai, and Mining Power Group, Inc. Plaintiffs seek to publish the complaint and other items required by Rule 316 in the Associated Press crypto currency desk, in Forbes crypto currency news, on Bloomberg, in Yahoo Finance,

4

on Telegram, a message system widely used by individuals in the crypto current community, on Bitcoin.com, a website with wide circulation in the bitcoin industry, and on the dailyhodl.com, another widely circulated bitcoin website. The foregoing sites are all intended to give notice to Michael Carter and Dror Svorai. In addition, and separately, Plaintiffs intend to publish the Complaint and summons in a pending criminal case in Ohio against Dror Svorai.

8.  Defendants Michael Carter and Dror Svorai are aware of this suit because, in the case of Michael Carter, the undersigned has personally spoken with Michael Carter about this suit. Similarly, Defendant Dror Svorai is aware of this lawsuit because Michael Carter told Dror Svorai about this suit and because the undersigned has spoken with David Sobel, Esq., Dror Svorai's current attorney in the criminal matter, and made him aware of this suit.. Mr. Sobel stated Mr. Svorai stated he is not authorized to accept service for Mr. Svorai. Consistent with the holding in *Anticevic*, Plaintiffs efforts in attempting to serve Michael Carter, Dror Svorai, and Mining Power Group, Inc. militate in favor of allowing service by publication. *Anticevic*, 2009 U.S. Dist Lexis 11480 *12–13.

Dated as of June 10, 2020.
New York, New York

                **RESPECTFULLY SUBMITTED**,

                */s/ T. Edward Williams, Esq.*
                T. Edward Williams, Esq. Bar No. 5634738
                WILLIAMS LLP
                7 World Trade Center
                250 Greenwich 46th FL.
                New York, New York 10007
                Tel: 212.634.9106

        Fax: 212.202.6228
        Edward.williams@wmsintl.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 10th day of June 2020, this **MOTION TO EFFECT SERVICE BY PUBLICATION** was served on the following individuals:

John Harwick, Esq. *via ECF*
*Counsel for Maranda Defendants*