UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

––––––––––––––––––––––––– X
9384-2557 Québec Inc., a Canadian : 1:19-CV-00501-TJM-CFH
corporation; MINEDMAP, INC., a Nevada
corporation; and SERENITY ALPHA, LLC, a
Nevada limited liability, and other similarly EMERGENCY MOTION TO
situated individuals REISSUE WRIT OF REPLEVIN

                Plaintiff, :

              against : (ECF Case)

NORTHWAY MINING, LLC, a New York limited :
liability company; MICHAEL MARANDA, an
individual; MICHAEL CARTER, an individual;
CSX4236 MOTORCYCLE SALVAGE, LLC, a New
York limited liability company; DROR SVORAI,
an individual; MINING POWER GROUP, INC., a
Florida corporation; HUDSON DATA CENTER,
INC, a New York Corporation, MICHAEL
MARANDA, LLC, a New York Limited liability
company; PORTER KING HILL CONTRACTING,
LLC, a New York limited liability company;
COINMINT, LLC, a Delaware limited liability
company; OSWEGO DATA LLC, a New York
Limited Liability Company; LORI S. THOMPSON,
LCSW, PLLC, a professional limited liability
corporation; LORI S. THOMPSON, an individual,
ANTHONY PORTER, an individual; and DONALD
D'AVANZO, an individual

              Defendants. :
––––––––––––––––––––––––– X

Plaintiffs, MinedMap et. al., through counsel, WILLIAMS LLP, files this Emergency

Motion to requesting that this Court Reissue the Writ of Replevin previously issued by

this Court. Defendants have no cognizable claim to Plaintiffs' miners, whatsoever. In fact, Defendants only acquired Plaintiffs' miners by way of a fraudulent scheme. If Plaintiffs are not allowed to quickly repossess their miners, Plaintiffs will forever lose their miners and the economic value of their miners because Defendants are: (i) selling Plaintiffs' miners; (ii) lying about where they are keeping Plaintiffs' miners; (iii) claiming insurance proceeds on Plaintiffs' miners; and (iv) damaging Plaintiffs' miners—in violation of this Court's June 19, 2020 Order. The picture on the next page is proof that Defendants are destroying Plaintiffs' miners for the purpose of recovering fraudulent insurance claims on Plaintiffs miners.



## EMERGENCY MOTION TO REISSUE WRIT OF REPLEVIN

1. Plaintiffs seek the return of all of their miners shipped to Defendants because Defendants have no claim of right to Plaintiffs' miners. In addition, and as detailed below, Defendants are destroying Plaintiffs' miners, selling Plaintiffs' miners, and collecting insurance proceeds on Plaintiffs miners. Plaintiffs are therefore entitled to the immediate possession of their miners. Plaintiffs incorporate by this reference their previous arguments set forth in their original Motion for Replevin that this Court granted.

2. On June 19, 2020, this Court granted Plaintiffs' Motion for expedited discovery and ordered Defendants to disclose where Defendants are holding Plaintiffs' miners. See Doc. No. 76. In addition, this Court also ordered Defendants to keep Plaintiffs' miners in the disclosed location and barred Defendants from moving Plaintiffs' miners without this Court's approval. Id. On June 19, 2020, Defendants, Benjamin Niedl ("Niedl"), and John F. Harwick ("Harwick") sent Plaintiffs a letter in which they claimed Plaintiffs' miners were located at 193 Seneca Street Oswego, New York and at 2140 County Route 1 Oswego, New York. See June 19, 2020, Letter from Benjamin Niedl, Esq. annexed as <u>Exhibit A</u>. Defendants and their attorneys did not

4

account for the nearly $600,000.00 Plaintiffs deposited with them to be used against electrical costs.

3. After this Court issued its Order, Defendant, Michael Maranda ("Maranda"), acting on the advice of Niedl and Harwick, temporarily stepped back from Northway Mining's operation and placed Defendant, Michael Carter ("Carter"), in charge of Northway Mining's day–to–day operations. Maranda stepped back because Niedl and Harwick had advised him that he could circumvent the Court's order if he were not the person actually taking the action in contravention of this Court's Order.

4. About 700 of Plaintiffs' Miners were recently destroyed and Defendants are collecting insurance proceeds on those Miners. Plaintiffs seek redirection of those funds from the insurance company to them.

5. In addition, Defendants are keeping Plaintiffs' miners in space they sublet from Port City Logistics ("Port City") and from a subsidiary of Novelis, Inc. ("Novelis"). Defendants have not been able to pay the rent or electrical costs as part of their obligations under the sublease with Port City and Novelis. Port City is operated by Jeffrey Holbrook, and Mr. Holbrook has tried, for the past several months, to collect rent and electrical costs to no avail. Maranda recently wrote a check to Port City, but that check was dishonored. Port City is terminating Northway's sublease.

6. As to Novelis' subsidiary, Northway has rendered its building nearly useable such that the building is no longer in compliance with OSHA regulations. Novelis manufactures aluminum and the temperature in its building cannot exceed 90°. However, because Defendants continue to exceed the power wattage of the building, the building is running at 140° or more causing the building to violate OSHA work regulations for Novelis' workers.

7. On Friday, July 10, 2020, Novelis called a meeting with Maranda and Carter. The meeting was to begin around 7:00 AM and the parties were to discuss Northway's past due rent and electrical costs payments, as well as the OSHA violations. Maranda was required to appear, but he did not; Carter appeared but stayed at the meeting for only a short time. Novelis is terminating Northway's sublease.

8. Maranda and Carter know that they will soon be evicted. Consequently, last week, Carter asked Charles Hacket, one of two employees Northway has, to drive Plaintiffs' miners out of New York. For the time being, Charles has refused because Maranda and Carter still had not paid him past due amounts. Nevertheless, Maranda and Carter have promised to pay Charles past due sums owed to Charles, and so, Charles is preparing to transport Plaintiffs' miners out of New York.

9. A revised Writ of Replevin is attached for this Court's consideration. Plaintiffs respectfully request that this Court add two addresses that Plaintiffs know

exist, but that Defendants have refused to disclose as part of this Court's Order. For example, a substantial number of Plaintiffs' miners are kept at an apartment in Oswego New York that is shared by Carter and Northway's two employees. In addition, a substantial amount of Plaintiffs' deposits is kept at Carter's home, but Defendants failed to disclose that address.

Dated this 13th day of July 2020.
New York, New York

RESPECTFULLY SUBMITTED,

/s/ T. Edward Williams, Esq.
T. Edward Williams, Esq. Bar No. 5634738
WILLIAMS LLP
7 World Trade Center
250 Greenwich 46th FL.
New York, New York 10007
Tel: 212.634.9106
Fax: 212.202.6228
Edward.williams@wmsintl.com

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July 2020, this EMERGENCY MOTION TO REISSUE WRIT OF REPLEVIN was served on the following individuals:

John Harwick, Esq. via ECF
Counsel for Maranda Defendants