**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**9384-2557 QUEBEC, INC., a Canadian corporation;**
**MINEDMAP, INC. a Nevada corporation; and**
**SERENITY ALPHA, LLC, a Nevada limited liability**
**company**

        **Plaintiffs,**

 v.                  1:19-CV-501
                         (TJM/CFH)

**NORTHWAY MINING LLC, a New York limited**
**liability company, et al.,**

        **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## DECISION & ORDER

On April 20, 2019, this Court issued a writ of replevin permitting Plaintiffs to recover disputed property from the Defendants. See dkt. #s 20, 22. The property consists of devices ("miners") used to mine bitcoin, an electronic currency. Plaintiffs have not yet recovered the property, apparently because of the efforts of Defendants to conceal the property and frustrate Plaintiffs' attempts to obtain the material.

Plaintiffs now seek another writ of replevin to recover their property. See dkt. # 86. Plaintiffs represent that the purpose of the writ they seek is "the return of all of their miners shipped to Defendants because Defendants have no claim of right to Plaintiffs' miners." Id. at ¶ 1. Plaintiffs claim that "Defendants are destroying Plaintiffs' miners, selling

1

Plaintiffs' miners, and collecting insurance proceeds on Plaintiffs' miners." Id. That conduct entitles Plaintiffs to take "immediate possession of their miners." Id.

After a discovery conference, on June 19, 2020, Magistrate Judge Christian F. Hummel ordered the Defendants to provide Plaintiffs with: (1) the address where the machines are physically located and to keep the machines at that address unless Defendants notified the Court and the Plaintiffs of any movement; (2) the address of one Defendant; and (3) information about certain funds. See dkt. # 76. Defendants subsequently informed Plaintiffs that Defendants held their miners at 193 Seneca Street in Oswego, New York and at 2140 County Route 1 in Oswego, New York. Dkt. # 86 at ¶ 2. Defendants did not account for nearly $600,000 that Plaintiffs had "deposited with [Defendants] to be used against electrical costs." Id. Plaintiffs allege that around "700 of Plaintiffs' Miners were recently destroyed," and that "Defendants are collecting insurance proceeds on" them. Id. at ¶ 4. "Plaintiffs seek redirection of those funds from the insurance company to them." Id. Moreover, Plaintiffs allege, Defendants have engaged in activities that further threaten to undermine the condition of the miners. Id. at ¶¶ 5-7. Recognizing that they may be evicted from a facility that holds the miners, Defendants, Plaintiffs claim, have attempted to arrange the transfer of the miners out of New York. Id. at ¶ 8. They have not yet succeeded in doing so. Id. Plaintiffs seek a revised writ of replevin that includes addresses where Plaintiffs contend that the property in question is stored.

For the reasons stated in the Court's previous orders granting the writ of replevin,

the Court will GRANT the instant motion for an emergency writ of replevin, dkt. # 86.[1] Defendants are still engaging in the same types of conduct that caused the Court to issue the original writ.

> It hereby ORDERED that:
>
> A. The Clerk of this Court shall issue a writ of possession as provided in New York CPLR § 7102, pursuant to Federal Rule of Civil Procedure 64, directing the Marshal to seize the property described in the spreadsheet attached as Exhibit B to the Plaintiffs' emergency motion for a writ of replevin, dkt. # 86-2 (the "Property"), and retain custody of it as provided by CPLR § 7102;
>
> B. The writ shall issue immediately. The written undertaking filed as required by NY CPLR § 7102(e) of $1,800,000.00 in conjunction with the Court's previous writ. dkt. # 20, shall apply to this writ as well;
>
> C. The Clerk of this Court shall attach a copy of this order to the writ;
>
> D. The Marshal may enter the following private places to take possession of the Property or some part thereof located at: 2140 County Route 1, Oswego, New York; and 193 East Seneca Street, Oswego, New York;
>
> E. Defendants shall transfer possession of the Property described herein to the Plaintiffs;

---

[1] Plaintiffs' motion purports to include a "revised Writ of Replevin . . . for this Court's consideration," as well as a description of the property. Dtk. # 86 at ¶ 9. Plaintiffs' filing includes only the description of the property. Given the emergency nature of the Plaintiffs' motion, the Court has determined to adapt the previous writ based on the information provided in the Plaintiffs' motion. The Court notes that in this litigation Plaintiffs' counsel has repeatedly failed to follow the Local Rules and repeatedly failed to include important information in filings, relying on past filings without notifying the Court of counsel's intent to do so.

F. Plaintiffs shall move for an order confirming the order of seizure on notice to Defendants and the Marshal within five days of the seizure of the Property under this order. If Plaintiffs fail to move for such an order within five days of the seizure of the Property, then this order shall have no further effect and may be vacated upon the motion of Defendants; and

G. Plaintiffs shall pay to the United States Marshals Service all fees and expenses required under 28 U.S.C. § 1921 in connection with this order.

NOTICE TO DEFENDANTS: Failure to comply with any order of the Court to turn over possession of such Property to Plaintiffs may subject you to being held in contempt of court.

**IT IS SO ORDERED.**

Dated: July 15, 2020

*/s/ Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge