

28 SECOND STREET
TROY, NY 12180
PHONE: (518) 274-5820
FAX: (518) 274-5875

7 AIRPORT PARK BOULEVARD
LATHAM, NY 12110
PHONE: (518) 783-3843
FAX: (518) 783-8101

511 BROADWAY
SARATOGA SPRINGS, NY 12866
PHONE: (518) 584-8886

www.joneshacker.com

PLEASE REPLY TO:
**Troy Office**

July 23, 2020

**Via ECF**

Hon. Christian F. Hummel
United States Magistrate Judge
United States District Court—NDNY
James T. Foley Courthouse
Albany, N.Y.  12207

Re: Serenity Alpha LLC et. al. v. Northway Mining LLC, et al.
    Case No.: 19-cv-00501

Dear Judge Hummel:

I am writing in response to Mr. Williams' emergency motion, filed this afternoon, "to file under seal" (ECF Doc. #96).  The docket indicates the motion is directed to you.

As an initial matter, Mr. Harwick and I obviously deny Mr. Williams' completely irresponsible and conclusory statement in the motion that "Defendants' counsel have been assisting their clients—wittingly or unwittingly—in defrauding Plaintiffs and other victims."  That is dead wrong.  We are members of the bar of this Court appearing for defendants in a civil action.  That is it.  We have been absolutely clear with our clients that they are to comply with the Court's replevin order and writ, to keep the machines where they are, and to cooperate fully with the Marshalls when they would like to come and collect them.  As I indicated in my letter earlier this week (requesting this coming Monday's conference) we do have some issues with the purported undertaking that the plaintiffs offer which we want to address and which can be adjudicated after the Marshalls take the machines, but we are ready, willing and able to cooperate and coordinate with the plaintiffs and the Marshalls to facilitate that transfer.  It is shameless and ridiculous for an attorney to post a bare statement to PACER accusing his adversary of "defrauding Plaintiffs and other victims."

With regard to the "merits" of the "motion to file under seal," Mr. Williams' motion understates the relief he seeks.  He doesn't merely wish to file documents "under seal," he apparently wants to file them *ex parte*.  As this Court's Local Rule 13.1(b) indicates, that is appropriate only in "rare cases" where the movant demonstrates that "compelling interests" supporting the extraordinary relief.  We are at a loss to answer the motion intelligently because it is practically inscrutable.  Other than vaguely libeling defense counsel, the motion does not offer anything, much less an explanation of what is the exigency, or good reasons for overturning the overwhelmingly normal practice of allowing both parties to be heard on a motion.  We can discern little from Mr. Williams' motion (other than a propensity by him to say anything), and so we are constrained to oppose it.

Sincerely,

E. STEWART JONES HACKER MURPHY, LLP

*[signature: Benjamin F. Neidl]*

_____
Benjamin F. Neidl, Esq.
bneidl@joneshacker.com
Direct Dial: (518) 270-1253

c.c.  T. Edward Williams, Esq.
      John Harwick, Esq.