

June 23, 2020

<u>VIA ECF</u>
Hon. Christian F. Hummel
United States Magistrate Judge
United States District Court—NDNY
James T. Foley Courthouse
Albany, New York 12207

RE:   Serenity Alpha LLC et. al. v. Northway Mining LLC et. al., Case No. 19cv00501, Response to Letter Motion Dated July 17, 2020

Dear Judge Hummel,

This letter responds to the Defendants' Letter Motion dated July 17, 2020.

Among other claims, the Defendants claim that I communicated with represented parties. This statement is provably false.

Melissa Welsh and Charles Fink are not employed by the Defendants—they never were. Mr. Fink became associated with Mr. Carter through an ad on Craigslist, a website that some people use to conduct suspect business. After having become associated with Mr. Carter, Mr. Fink became concerned that Michael Carter and Michael Maranda's instructions to him and to Ms. Welsh—to scrape and saw off serial numbers from bitcoin miners—was fraudulent.

Mr. Fink ceased association with Michael Carter and Michael Maranda during the morning of July 14, 2020. On the evening of that day, I called Mr. Fink. In addition to explaining the foregoing about scraping and sawing off serial numbers from bitcoin miners, Mr. Fink also explained that he did not want to be part of a fraud, that he was not getting paid, and that Michael Carter and Michael Maranda had asked Mr. Fink to drive a truck of bitcoin miners to Illinois when this Court issued the Writ of Replevin.

7 World Trade Center | 250 Greenwich Street, 46th Floor | New York, NY 10007
T: 212.634.9106 | F: 212.634.9106 | W: www.wmsintl.com



Case 1:19-cv-00501-DNH-CFH   Document 98   Filed 07/24/20   Page 2 of 3



I called Ms. Welsh after having spoken with Mr. Fink. Like Mr. Fink, Ms. Welsh stated that she had ceased association with Michael Carter and Michael Maranda on the morning of July 14, 2020. The call with Ms. Welsh lasted approximately 10 to 20 seconds, in which she indicated that she was in too deep with Michael Carter and Michael Maranda, that she was completing a job application online for an alternative job, and that she wanted to see how she could avoid liability for her time with Michael Carter and Michael Maranda.

If the Defendants can offer proof that Mr. Fink or Ms. Welsh were then or are now employed by the Defendants, that would be helpful. For example, a legitimate and noncriminal employer—as the Defendants claim they are—would have records of 941 taxes, W-2 Statements (which would not include CashApp and under the table payments), copies of Form SS–8, a description of job duties (a description, presumably, that does not include the job duty of scraping and sawing off serial numbers from bitcoin miners), health and other insurance information, registration with the New York Department of Labor, and an unemployment insurance identification number, among other information. Until the Defendants provide the foregoing information, this issue is not worth discussing. The undersigned is well within his rights in speaking with Mr. Fink and Ms. Welsh.

The Defendants' counsel should conduct research as to whether or not attorneys may "represent" clients when the Clients' only business is to defraud others. Such research would reveal that such attorneys violate the Rules of Professional Conduct, and that they are liable for, at a minimum, aiding and abetting their clients' fraud. The law sustains many fictions, but lawyers who pretend they are doing legitimate legal work when, in fact, their clients do not have legitimate businesses, are either deluding themselves or are being willfully ignorant. Rule 11 abhors delusion and willful ignorance.

I note that Mr. Fink, a layman, deduced in one day what two lawyers claim they cannot deduce at all—namely, that the Defendants do not now have, and have never had, legitimate businesses. I note further, that Ryan Lehman, who was just 21 years old when he became associated with Michael Maranda and Michael Carter, quickly concluded, and supplied an affidavit stating as much, that Michael Maranda, Northway Mining, and Michael Carter are not operating legitimate businesses. Ryan Lehman is Michael Maranda's nephew.

2



Turning to ECF Doc. No. 91, I affirm the assertions made in that document, though I understand why Defendants' counsels are nervous about their representations to me and to this Court—they should be.

I intend to appear at the hearing scheduled for July 27, 2020. I intend to take up at least three additional issues with the Court. The first concerns the Plaintiffs' forthcoming request for attorney fees and costs against the Defendants and their attorneys. The Second involves the issuance of Civil and Criminal Contempt Citations against Michael Carter, Michael Maranda, and Melissa Welsh. The third requests an accounting of all insurance proceeds received to date by Michael Maranda et. al. and the name of all insurance companies Michael Maranda et. al. have contracted with.

To the extent this Court believes the Defendants have a legitimate defense in this case and that Defendants' counsels are engaged in a legitimate effort to foster those defenses, that belief will soon come tumbling down.

Sincerely,

T. Edward Williams, Esq.