UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

------------------------- X

9384-2557 Québec Inc., a Canadian : 1:19-CV-00501-TJM-CFH
corporation; MINEDMAP, INC., a Nevada
corporation; and SERENITY ALPHA, LLC, a
Nevada limited liability, and other similarly MOTION FOR PREJUDGMENT
situated individuals ATTACHMENT

      Plaintiff, :

    against : (ECF Case)

NORTHWAY MINING, LLC, a New York :
limited liability company; MICHAEL
MARANDA, an individual; MICHAEL CARTER,
an individual; CSX4236 MOTORCYCLE
SALVAGE, LLC, a New York limited liability
company; DROR SVORAI, an individual;
MINING POWER GROUP, INC., a Florida
corporation; HUDSON DATA CENTER, INC, a
New York Corporation, MICHAEL MARANDA,
LLC, a New York Limited liability company;
PORTER KING HILL CONTRACTING, LLC, a
New York limited liability company;
COINMINT, LLC, a Delaware limited liability
company; OSWEGO DATA LLC, a New York
Limited Liability Company; LORI S.
THOMPSON, LCSW, PLLC, a professional
limited liability corporation; LORI S.
THOMPSON, an individual, ANTHONY
PORTER, an individual; and DONALD
D'AVANZO, an individual

      Defendants. :

------------------------- X

Plaintiffs, Serenity Alpha et. al., through counsel, WILLIAMS LLP seek Prejudgment Attachment of certain assets more fully described below consistent with CPLR 6201(3) as made applicable through Rule 64 of the Federal Rules of Civil Procedure. Defendants have transferred and are transferring assets in anticipation of Plaintiffs obtaining a large judgment against them, and, Plaintiffs seek this, and other remedies, to bar Plaintiffs from further transferring assets out of Plaintiffs' reach.

## BACKGROUND

This Motion follows other motions Plaintiffs have seeking similar reliefs, and so, the facts from those motions are not repeated here.

In April 2019, Plaintiffs sued Defendants, asserting claims for breach of contract, fraud, RICO violation, accounting, among other claims. In conjunction with suing Defendants, Plaintiffs moved for a Writ of Replevin. The Court issued the Writ and the US Marshal Service executed the Writ at 2 Flint Mine Road Coxsackie, New York, where Plaintiffs shipped their bitcoin miners and where Defendants represented Plaintiffs' bitcoin miners were located. However, Plaintiffs and the US Marshal showed up at 2 Flint Mine Road and Plaintiffs' Miners were gone. Later, on June 19, 2020, this Court ordered Defendants to disclose to Plaintiffs the location of Plaintiffs' bitcoin miners, but after showing up at the location Defendants disclosed, Plaintiffs learned that

Defendants, acting with or through their attorneys, had in fact lied to this Court about the location of Plaintiffs miners.  Plaintiffs' miners were not present that the location Defendants disclosed.

In fact, days before, with the aid of warning from their attorneys, Defendants had begun to transfer Plaintiffs' miners to Illinois because Defendants are using Plaintiffs miners to participate in a venture in Illinois. Plaintiffs is known to own a minority interest in the Illinois venture that may be worth several million dollars.  In addition, Defendants, especially Defendant, Michael Carter, is hiding significant cash in his home, and he has made several individuals aware that he is hiding cash in his homes. For example, recently, when Defendants, Michael Carter and Michael Maranda went to pay rent to their landlord, they took cash in garbage bags and paid their landlord in cash.  Defendants are keeping significant cash at their respective property to avoid Plaintiffs' impending judgment.

Defendants have also transferred large amounts of money to nonparty, Melissa Welsh. For example, within the preceding 6 months, Defendant, Michael Maranda, who shares an apartment located at 16 Porter Street in Oswego, New York with nonparty, Welsh, had transferred cash, vehicles and other assets into the name of Welsh to prevent Plaintiffs from discovering those assets. Defendant, Michael Carter, has transferred bitcoins, cash, cars, and other assets into the name of nonparties to this

3

proceeding, including to Ms. Welsh. Defendants also continues to transfer assets out of bank accounts at M&T Bank and at Teacher's Federal Credit Union. Plaintiffs have had extensive conversations with Defendants' banks but without a prejudgment attachment order form this Court, Defendants' banks cannot stop Defendants' fraudulent transfer of funds from these accounts.

## ARGUMENT

To be successful on a motion for prejudgment attachment, the movants must show: (i) they have a cause of action pending against the defendants; (ii) they are likely to succeed on those actions; (iii) one or more grounds exists for attachment under CPLR 6301; and (iv) the amount they seek from the defendants exceed the total amount of any potential counterclaims the defendants may have against the movants. See, e.g., Silver v. Maranda, 116 F. Supp. 3d 289, 310 (S.D.N.Y. July 22, 2015) (setting forth the elements of a prejudgment attachment claim and denying the motion for prejudgment attachment because the defendants had agreed to turnover the money sought to be attached).

Section 6201(3) allows a party to bring a motion for prejudgment attachment, where, as here, the defendants are transferring accepts to thwart an impending judgment. CPLR 6201(3) ("the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has

assigned, disposed of, encumbered, or secreted property, or removed it from the state or is about to do any of these acts . . . ."). A court may enter an order for prejudgment attachment against intangible property located out of the state of New York. See, e.g., Hotel 71 Mezz Lender LLC v. Falor, 14 N.Y.3d 303, 313—318 (N.Y. 2010).

Based on the facts in this Motion, based on the fact presented in other motions currently pending before this Court, and based on this Court's knowledge of Defendants' recent action in issuing the July 16, 2020 Writ of Replevin, Plaintiffs can establish their right to prejudgment action. First, there is no dispute that Plaintiffs will prevail against Defendants on all of Plaintiffs against Defendants. For starters, Defendants and their counsel have already admitted that Defendants breached the September 21, 2020 Agreement (the "Agreement") they entered into with Plaintiffs. Specifically, Defendants admitted that instead of spending Plaintiffs' deposit on electrical costs—which is what the agreement required—the Defendants spent Plaintiffs more than $432,000.00 deposit on building up premises that Defendants did not even own and could not even afford to pay rent on. This concession by Defendants, which is merely a starting point for Plaintiffs' claim for breach of contract, establishes a clear breach of the Agreement. Second, individuals in Defendants' inner circle have expressly admitted that Defendants started Northway Mining LLC ("Northway") and other entities to defraud Plaintiffs and other similarly situated businesses. Indeed,

Defendants have stolen Plaintiffs' miners have Defendants have refused to turnover those miners to Plaintiffs, notwithstanding the July 16, 2020 Writ of Replevin issued by this Court.

The reminder of the elements for the issuance of prejudgment attachment are easily satisfied. As stated above, grounds for a prejudgment attachment exists under CPLR 6201(3) in that Defendants are actively transferring assets out of Plaintiffs' reach.

Plaintiffs therefore seek the attachment of the items identified in <u>Exhibit A</u>, attached to this Motion. See Affidavit of Daniel I. Kim.

Dated this 3rd August 2020.
London, England

                                    RESPECTFULLY SUBMITTED,

                                    WILLIAMS LLP

                                    <u>/s/ T. Edward Williams, Esq.</u>
                                    T. Edward Williams, Esq. Bar No. 5634738
                                    WILLIAMS LLP
                                    7 World Trade Center
                                    250 Greenwich 46th FL.

New York, New York 10007
Tel: 212.634.9106
Fax: 212.202.6228
Edward.williams@wmsintl.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of August 2020, this MOTION FOR PREJUDGMENT ATTACHMENT was served on the following individuals:

John Harwick, Esq. via ECF
Benjamin F. Niedl, Esq. via ECF
Counsel for Maranda Defendants