UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

```
_____ X
```

| | | |
|---|---|---|
| 9384-2557 Québec Inc., a Canadian corporation; MINEDMAP, INC., a Nevada corporation; and SERENITY ALPHA, LLC, a Nevada limited liability, and other similarly situated individuals | : | 1:19-CV-00501-TJM-CFH |
| | | MOTION FOR ATTORNEY FEES AND COSTS |
| Plaintiff, | : | |
| against | : | (ECF Case) |
| NORTHWAY MINING, LLC, a New York limited liability company; MICHAEL MARANDA, an individual; MICHAEL CARTER, an individual; CSX4236 MOTORCYCLE SALVAGE, LLC, a New York limited liability company; DROR SVORAI, an individual; MINING POWER GROUP, INC., a Florida corporation; HUDSON DATA CENTER, INC, a New York Corporation, MICHAEL MARANDA, LLC, a New York Limited liability company; PORTER KING HILL CONTRACTING, LLC, a New York limited liability company; COINMINT, LLC, a Delaware limited liability company; OSWEGO DATA LLC, a New York Limited Liability Company; LORI S. THOMPSON, LCSW, PLLC, a professional limited liability corporation; LORI S. THOMPSON, an individual, ANTHONY PORTER, an individual; and DONALD D'AVANZO, an individual | : | |
| Defendants. | : | |

```
_____ X
```

Plaintiffs, Serenity Alpha et. al., through counsel, Williams LLP seek $97,513.00 in attorneys' fees and costs against Defendants, Michael Carter and Michael Maranda, against nonparty, Melissa Welsh, and against Defendants' attorneys, Benjamin Niedl, John Harwick, and E. Stewart Jones Hacker Murphy, LLP. Plaintiffs' Motion for Attorney's Fees and costs is supported by 28 U.S.C. 1927, Rule 11 of the Federal Rules of Civil Procedure, this Court's inherent power to sanction parties before it, and cases construing CPLR 7102. Plaintiffs also seek "fees on fees" consistent with Makinen v. City of New York, 2019 U.S. Dist. Lexis 323, *5-6 (S.D.N.Y. Feb. 28, 2019). Plaintiffs seek an evidentiary hearing to demonstrate the reasonableness of the attorney's fees and costs they seek.

## BACKGROUND

The facts that underlie Plaintiffs' Motion for Attorney Fees and Costs against Defendants, nonparty Melissa Welsh, and Defendants' counsels are well known to this Court.

On September 21, 2020, Plaintiffs entered into a Contract with Defendants for Defendants to host Plaintiffs' bitcoin miners. Plaintiffs later shipped nearly 2789 miners to Defendants and deposited $432,000.00 with Defendants for Defendants to use against electricity costs that Defendants would incur when they plugged in or

installed Plaintiffs' miners. In fact, Defendants never plugged in Plaintiffs' miners. In addition, as stated in the Affidavit of Ryan Lehmann, already provided to this Court, Defendants formed their business to defraud Plaintiffs and other individuals like Plaintiffs—Defendants lacked any other legitimate purpose for operating a "bitcoin business."

In March 2020, Plaintiffs realized that Defendants had defrauded them and requested the return of their deposit and their bitcoin miners. When Defendants failed to return Plaintiffs' deposits and Plaintiffs' bitcoin miners, Plaintiffs filed this suit and sought a Writ of Replevin to seize their miners from Plaintiffs. This Court granted Plaintiffs' Motion for Writ of Replevin and Plaintiffs and the United States Marshal Service sought to retrieve Plaintiffs miners from 2 Flint Mine Road, the address to which Defendants had caused Plaintiffs to ship their miners, but Plaintiffs' miners were not at that address. In fact, based on a tip from John Harwick, Esq., Defendants' attorney, Defendants were able to relocate Plaintiffs' bitcoin miners from the 2 Flint Mine Road to another location unknown to Plaintiffs. Not including attorney's fees and costs, Plaintiffs incurred $22,502.04 in freight costs for scheduling a freight truck to pick up their miners, $2,500 in amounts paid to the US Marshal Service, and $4,035.00 in travel and other nonlegal expenses incurred in picking up their miners. Plaintiffs also incurred $25,403.43 in legal fees and $1456.33 in legal expenses in executing the Writ

of Replevin on May 8, 2019. In total, Plaintiffs incurred a $55,896.80 in attorney fees and legal and other costs in executing the May 8, 2020, Writ of Replevin. See Documents annexed hereto collectively as Exhibit A.

On July 16, 2020, this Court reissued the May 9, 2020 Writ of Replevin. This Court reissued after Defendants and Defendants' counsels represented that Plaintiffs' miners were at 2140 County Route 1 and at 193 East Seneca Street. However, Defendants did not have Plaintiffs' miners were not at the locations that Defendants and their attorneys represented. In executing the July 16, 2020 Writ of Replevin, Plaintiffs incurred $3,500.00 in expenses from the US Marshal Service and $2,040.50 in travel and lodging expenses. Plaintiffs also incurred attorneys' fees of $6,890.22 and an additional $683.44 in legal costs. Plaintiffs are currently negotiating the return of the freight truck deposit of $28,502.04 for scheduling the freight truck to transport their bitcoin miners. In total, including the freight truck deposit, Plaintiffs incurred $41,616.20 in executing the July 16, 2020 Writ of Replevin. See documents annexed hereto collectively, as Exhibit B.

## ARGUMENT

Courts frequently grant attorney fees and costs incurred in connection with executing a Writ of Replevin. See, e.g., PNL Phoenix, LLC v. Janton Indus. Inc., 47 Misc. 3d 1208(A), **2-12 (Kings Cnty. April 13, 2015); See Canusa Corp. v. A & R Lobosco,

986 F. Supp. 723, 734 (E.D.N.Y. 1997) (awarding attorney's fees and costs in connection with an action for Writ of Replevin). Courts also frequently award attorneys' fees and costs where an attorney's action caused another party to incur unreasonable attorneys' fees and costs.  Section 1927 specifically provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. 1927; see Huebner v. Midland Credit Mgmt., 897 F.3d 42, 45-57 (2d Cir. 2018) (sanctioning an attorney under 28 U.S.C. 1927).

As demonstrated above, Defendants stole Plaintiffs' bitcoin miners.  Plaintiffs have done and they are doing all they can to retrieve the miners, but Defendants continue to move Plaintiffs' miners out of Plaintiffs' reach.  For clarity, Plaintiffs only seek their fees and costs incurred against Defendants' counsel in connection with the Writ of Replevin issued on July 16, 2020 and executed on July 22, 2020.  Under 28 U.S.C. 1927 and under Rule 11, Defendants counsel knew or would have known upon reasonable investigation that Plaintiffs' bitcoin miners were not at the location Defendants' counsels represented to the Court.  In fact, it seems as if everyone else in Oswego, New York knew that Plaintiffs' miners were not at the location that

Defendants' counsels represented to this Court. See Affidavit of T. Edward Williams, incorporated herein and annexed hereto as <u>Exhibit C</u>.

Dated this 6th day of August 2020.
Paris, France

                                    RESPECTFULLY SUBMITTED,

                                    WILLIAMS LLP

                                    <u>/s/ T. Edward Williams, Esq.</u>
                                    T. Edward Williams, Esq. Bar No. 5634738
                                    WILLIAMS LLP
                                    7 World Trade Center
                                    250 Greenwich 46th FL.
                                    New York, New York 10007
                                    Tel: 212.634.9106
                                    Fax: 212.202.6228
                                    Edward.williams@wmsintl.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July 2020, this MOTION FOR ATTORNEY FEES AND COSTS was served on the following individuals:

John Harwick, Esq. via ECF
Benjamin F. Niedl, Esq. via ECF
Counsel for Maranda Defendants

Melissa Welsh
Pro se