UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

9384-2557 QUÉBEC INC., a Canadian corporation;
MINEDMAP, INC., a Nevada corporation; and SERENITY
ALPHA, LLC, a Nevada limited liability, and other similarly
situated individuals,

Plaintiffs,

    -against-

NORTHWAY MINING, LLC, a New York limited liability
company; MICHAEL MARANDA, an individual; MICHAEL
CARTER, an individual; CSX4236 MOTORCYCLE
SALVAGE, LLC, a New York limited liability company;
DROR SVORAI, an individual; MINING POWER GROUP,
INC., a Florida corporation; HUDSON DATA CENTER, INC,
a New York Corporation, MICHAEL MARANDA, LLC, a
New York Limited liability company; PORTER KING HILL
CONTRACTING, LLC, COINMINT, LLC, a Delaware limited
liability company,

Defendants.

Civ. Action No.: 1:19-CV-00501-
TJM-CFH

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

## BY DEFENDANT MICHAEL CARTER

John F. Harwick, Esq.
Benjamin F. Neidl, Esq.
E. STEWART JONES HACKER MURPHY LLP
*Attorneys for Defendants Northway Mining
  LLC, Michael Maranda, Michael Maranda
  LLC, Hudson Data Center Inc. and
  Michael Carter*
28 Second Street
Troy, N.Y.  12180
(518)274-5820

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................... iii

PRELIMINARY STATEMENT ................................................................ 1

ARGUMENT ...................................................................................... 1

I.      COUNT I FAILS TO STATE A RICO CLAIM BECAUSE
IT DOES NOT ALLEGE A "PATTERN" OF RACKETEERING
ACTIVITY AND DOES NOT ALLEGE INDIVIDUAL
RACKETEERING ACTS WITH PARTICULARITY ....................... ................................................. 2

II.     COUNT II FAILS TO STATE A CLAIM FOR REPLEVIN
AGAINST CARTER, BECAUSE THE ALLEGATIONS AGAINST
HIM ARE CONCLUSORY AND THE PLEADING FAILS TO
ALLEGE THAT THE PLAINTIFFS DEMANDED THE RETURN OF
THEIR PROPERTY, OR THAT CARTER REFUSED. ....................... .................................................5

III.    COUNT III FAILS TO STATE A CLAIM FOR "CIVIL
CONSPIRACY" BECAUSE NEW YORK  LAW DOES NOT
RECOGNIZE CONSPIRACY AS AN INDEPENDENT CAUSE OF
ACTION, AND THE ALLEGATIONS OF COUNT III DO NOT
PLEAD SPECIFIC CONSPIRATORIAL ACTIONS. ....................... .................................................6

IV.    COUNT IV FAILS TO STATE A CLAIM FOR
CONVERSION AGAINST CARTER, BECAUSE THE
ALLEGATIONS ARE CONCLUSORY, THE FAC DOES NOT
ALLEGE THAT THE PLAINTIFFS DEMANDED RETURN OF
THEIR PROPERTY, AND TO THE EXTENT THE PLAINTIFFS
ALLEGE CONVERSION OF MONEY, THEY DO NOT ALLEGE THE
EXISTENCE OF AN IDENTIFIABLE FUND. ....................... .................................................7

V.      COUNT V DOES NOT STATE A CLAIM FOR FRAUD
AGAINST CARTER. ....................... .................................................9

VI.    COUNT VII DOES NOT STATE A FRAUDULENT
TRANSFER CLAIM AGAINST CARTER. ....................... .................................................10

1.      The FAC does not allege a constructive
fraudulent transfer. ....................... .................................................11

2.      The FAC does not allege an actual fraudulent
transfer. ....................... .................................................13

VII.    COUNT VIII DOES NOT STATE A CLAIM FOR
UNJUST ENRICHMENT AGAINST CARTER........................   ...............................................14

CONCLUSION..............................................................................................................15

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

Payday Advance Plus, Inc. v. Findwhat.com, Inc., 478 F.Supp.2d 496 (S.D.N.Y. 2007) ............ 6

Dechter v. Second Nature Therapeutic Program, 42 F.Supp.3d 450 (E.D.N.Y. 2014) ................. 7

Abramo v. Teal, Becker & Chiarmonte, 713 F.Supp.2d 96, 110 (N.D.N.Y. 2010) ...................... 3

Albunio v. Int'l Safety Grp., 15-CV-152, 2016 WL 1267795 (S.D.N.Y. Mar. 30, 2016) ............ 3

Amaker v. Kelly, 2009 WL 385413 (N.D.N.Y., Feb. 9, 2009) ....................................................... 2

Amusement Indus., Inc. v. Midland Ave. Assoc., 820 F.Supp.2d 510 (S.D.N.Y. 2011) ....... 11, 12

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ....................................................................................... 1

Banca Commerciale Italiana v. Northern Trust Int'l Corp., 160 F.3d 90
    (2d Cir. 1988) ......................................................................................................................... 6

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ....................................................................... 1

City of Syracuse v. Loomis Armored US, LLC, 900 F.Supp.2d 274 (N.D.N.Y. 2012) ............... 7

Cofacredit, S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229 (2d Cir. 1999) ........................ 3

Cohen v. Dunne, 2017 WL 4516820 (S.D.N.Y. Sep. 27, 2017) ............................................. 5, 14

Corporate Trade, Inc. v. Golf Channel, 2013 WL 5375623 (S.D.N.Y., Sep. 24, 2013) ................ 6

Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473 (2d Cir. 2014) ...................................... 4

DeFalco v. Bernas, 244 F.3d 286 (2d Cir. 2001) .......................................................................... 3

Fantozzi v. Axys Tech., 2008 WL 4866054 (S.D.N.Y. Nov. 6, 2008) ........................................... 8

First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 180 (2d Cir. 2004) ............. 2, 3

Georgia Malone & Co. v. Rieder, 19 N.Y.3d 511, 516 (2012) ..................................................... 14

Grace Int'l Assemby of God v. Festa, 2019 WL 1369000, at *8 (S.D.N.Y. Mar. 26, 2019) ..... 3, 4

Heap v. Centurylink, Inc., 2020 WL 1489801, at *18 (S.D.N.Y. Mar. 27, 2020)......................... 8

In re Bernard L. Madoff Inves. Sec., 2012 WL 5511952 (S.D.N.Y. Nov. 14, 2012).................. 11

In re North Sea Brent Crude Oil Futures Litig., 256 F.Supp.3d 298, 315 (S.D.N.Y. 2017) ........ 14

In re Tribune Company Fraudulent Con. Litig., 2017 WL 82391, at *4 (S.D.N.Y. Jan. 6, 2017) 13

Innovative Custom Brands v. Minor, 2016 WL 308805, at *2 (S.D.N.Y. Jan. 25, 2016)........... 13

Kirch v. Liberty Media, 449 F.3d 388, 401 (2d Cir. 2006) ............................................................ 6

Knight v. Fed'l Nat'l Mtg. Ass'n, 2014 WL 4901617, at *13 (N.D.N.Y. Sep. 30, 2014) ............ 9

Krasner v. Rahfco Funds LP, 2012 WL 4069294 (S.D.N.Y., Aug. 9, 2012) ........................... 7, 8

Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006)....................................................... 4

Lewis v. Rosenfeld, 138 F.Supp.2d 466, (S.D.N.Y. 2001)............................................................. 9

McCall v. Chesapeake Energy Corp., 509 Fed.Appx. 62, 65 (2d Cir. 2013) ................................ 6

Meeker v. McLaughlin, 2018 WL 3410014 (S.D.N.Y. Jul. 13, 2018) ........................................... 9

Press Access v. 1800 Postcards, 2012 WL 4857547 (S.D.N.Y. Oct. 9, 2012)............................. 5

Progressive Northeastern Ins. Co. v. United States Postal Service, 2008 WL 4834508
    (N.D.N.Y., Nov. 4, 2008) ...................................................................................................... 2, 7

Pueblo Palomo v. Demaio, 403 F.Supp.3d 42 (N.D.N.Y. 2019)................................................... 8

Rogers v. Brooks, 2019 WL 1672364 (N.D.N.Y. Apr. 17, 2019) ................................................. 9

Safety-Kleen Systems, Inc. v. Silogram Lubricants, 2013 WL 6795963
    (E.D.N.Y. Dec. 23, 2013) ................................................................................ 6, 11, 12

Spoto v. Herkimer County Trust, 2000 WL 533293 (N.D.N.Y, Apr. 27, 2000)....................... 2, 4

Tap Manutencao v. Int'l Aerospace Group, 127 F.Supp.3d 202 (S.D.N.Y. 2015)........................ 8

United States v. Aulicino, 44 F.3d 1102 (2d Cir. 1995) ................................................................ 3

Wee v. Rome Hosp., 1996 WL 191970 (N.D.N.Y., Apr. 15, 1996)............................................... 2

**Statutes**

2019 New York Assembly Bill No. 5622 .................................................................... 10

N.Y. C.P.L.R. §7101 ..................................................................................................... 5

N.Y. Debtor & Creditor Law §273 .......................................................................... 11, 13

N.Y. Debtor & Creditor Law §273-a ........................................................................... 11

N.Y. Debtor & Creditor Law §274 ............................................................................... 11

N.Y. Debtor & Creditor Law §275 ............................................................................... 11

**Rules**

F.R.C.P. 8 ...................................................................................................................... 11

F.R.C.P. 9 ................................................................................................................. 2, 13

## PRELIMINARY STATEMENT

Defendant Michael Carter, by and through his undersigned attorneys, respectfully submits this Memorandum of Law in further support of his motion to dismiss pursuant to Rule 12(b)g) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.[1]

## ARGUMENT

"To withstand a Rule 12(b) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(internal quotations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id., quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In this case, the allegations against Carter are inflammatory, but they are very general, vague and conclusory. In a nutshell, the plaintiffs allege that defendant Northway Mining LLC "transferred" Serenity and/or MinedMap's miner devices to Carter (FAC ¶113), that Carter "knew" that those miners did not belong to Northway (Id. ¶127) and that Carter is using some or all of the machines himself, earning income (Id. ¶¶115-16.) But there are no well pled factual allegations showing, even basically, what the plaintiffs' basis is for those allegations. There are no facts showing why they think Northway gave the miners to Carter of all people, or what reason they have to think Carter is using their miners. If the plaintiffs believe all of that, they do not allege that they have ever asked Carter to return the miners or, if not, why not. In the parlance of Twombly, the plaintiffs do not plead "enough facts to nudge [their] claims across the line from

---

[1] This firm has also previously appeared for defendants Northway Mining LLC, Michael Maranda, Michael Maranda LLC and Hudson Data Center Inc.

conceivable to plausible." <u>Progressive Northeastern Ins. Co. v. United States Postal Service</u>, 2008

WL 4834508, at *2 (N.D.N.Y., Nov. 4, 2008)(internal quotations omitted).

I. **COUNT I FAILS TO STATE A RICO CLAIM BECAUSE IT DOES NOT ALLEGE A "PATTERN" OF RACKETEERING ACTIVITY AND DOES NOT ALLEGE INDIVIDUAL RACKETEERING ACTS WITH PARTICULARITY.**

"The pleading of a civil RICO violation is subject to the heightened requirement that its

supporting allegations must be pleaded with particularity" pursuant to Federal Rule 9(b).  <u>Amaker</u>

<u>v. Kelly</u>, 2009 WL 385413, at *11 (N.D.N.Y., Feb. 9, 2009).  Thus, the complaint must specify,

among other things, the time, place and manner of the discrete acts of racketeering activity, and

how they purportedly constitute a pattern.  <u>Spoto v. Herkimer County Trust</u>, 2000 WL 533293, at

*5 (N.D.N.Y, Apr. 27, 2000).

Defendants Northway Mining LLC, Michael Maranda, Michael Maranda LLC and Hudson

Data Center, Inc. have already filed a motion to dismiss the RICO claim which is pending.  (ECF

Doc. #55.)  Defendant Carter seeks dismissal on the same grounds,  and incorporates the arguments

of the pending motion to dismiss by reference.  In order to avoid duplication, what follows here is

a short summary of the grounds for dismissing the RICO claim, which have been briefed more

thoroughly in the prior motion.

<u>First</u>, the pleading fails to allege sufficiently a "pattern" of racketeering activity. To plead

a pattern, the plaintiff must allege either "open-ended" or "closed-ended" continuity of

racketeering crimes.  <u>First Capital Asset Mgmt., Inc. v. Satinwood, Inc.</u>, 385 F.3d 159, 180 (2d

Cir. 2004).

"*Closed-ended continuity*" means that the racketeering activity occurred "over a substantial

period of time."  <u>Id.</u>  "[P]redicate acts extending over a few weeks or months and threatening no

future criminal conduct do not satisfy the continuity requirement."  <u>Wee v. Rome Hosp.</u>, 1996 WL

191970, at *5 (N.D.N.Y., Apr. 15, 1996).  It is a fairly bright-line durational hurdle: "The Second

2

Circuit "has never found a closed-ended pattern where the predicate acts spanned *fewer than two years*." Abramo v. Teal, Becker & Chiarmonte, 713 F.Supp.2d 96, 110 (N.D.N.Y. 2010)(emphasis added), citing First Capital Asset Mgmt., 385 F.3d at 181; see also DeFalco v. Bernas, 244 F.3d 286, 321 (2d Cir. 2001)(collecting cases).   Here, the plaintiffs do not allege closed-ended continuity. The FAC only vaguely alleges that "defendants" sent fraudulent or misleading text message or emails on four dates between August 2018 and November 2018.  (FAC ¶158.)  The plaintiffs' recently-filed RICO Statement briefly and vaguely mentions some other text messages from January 2019 (ECF Doc. #59 pg. 14) but, even crediting those allegations, it only extends the alleged predicate acts by a span of a few months, all of which is well below the two year minimum generally accepted in this Circuit.

"*Open-ended continuity*" means that the defendant's racketeering acts were accompanied by a threat of serious crimes in the future.  The plaintiff "must show that there was a threat of continuing criminal activity beyond the period during which the predicate acts were performed." Cofacredit, S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229, 242 (2d Cir. 1999).  But open-ended continuity applies only in the most dire cases, when the threatened future acts were "inherently unlawful' criminal activities in pursuit of 'inherently unlawful' goals, such as *murder, obstruction of justice, narcotics trafficking, embezzlement, extortion, bribery, and money laundering*." Albunio v. Int'l Safety Grp., 15-CV-152, 2016 WL 1267795, at *7 (S.D.N.Y. Mar. 30, 2016)(emphasis added); see also United States v. Aulicino, 44 F.3d 1102, 1111 (2d Cir. 1995); Spoto, 2000 WL 533293, at *5.  "Ordinary fraud supported by wire fraud predicates are not 'inherently unlawful' for purposes of RICO continuity."  Grace Int'l Assemby of God v. Festa, 2019 WL 1369000, at *8 (S.D.N.Y. Mar. 26, 2019), citing Aulicino, 44 F.3d at 1111.  Here, the only predicate acts alleged are mail and wire fraud.  (FAC ¶158.)  There is no allegation that any

of the defendants committed any of the upper-tier, "inherently unlawful" crimes necessary for open-ended continuity, such as murder, drug trafficking, etc.

Second, even leaving aside the deficiencies in the "pattern" allegations, the FAC fails to allege the individual (alleged) acts of racketeering activity with enough specificity. "[G]iven the routine use of mail and wire communications in business operations, ... 'RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it." Grace International, 2019 WL 1369000, at *5, citing Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 489 (2d Cir. 2014). At a minimum, Federal Rule 9(b) dictates that "the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006); see also Grace International, 2019 WL 1369000; Spoto, 2000 WL 533293, at *5. The FAC and the RICO Statement do not satisfy of those requirements. The plaintiffs allege in bare terms that that "Defendants" sent some emails or texts in September and November 2018 and January 2019 that contained "fraudulent misrepresentations," but they largely do not specify which defendants sent communications to which plaintiffs and do not explain how those particular communications were false. (FAC ¶158 [ECF Doc. #29], RICO Statement pg. 14 [ECF Doc. #59].)[2] Accordingly, the RICO claim should be dismissed.

---

[2]     The RICO Statement alleges that Michael Maranda made some oral misrepresentations during face-to-face meetings during some site visits (pg. 10-13). While those might be pertinent to the common law fraud claim, oral communications are not acts of mail or wire fraud.

**II.    COUNT II FAILS TO STATE A CLAIM FOR REPLEVIN AGAINST CARTER, BECAUSE THE ALLEGATIONS AGAINST HIM ARE CONCLUSORY AND THE PLEADING FAILS TO ALLEGE THAT THE PLAINTIFFS DEMANDED THE RETURN OF THEIR PROPERTY, OR THAT CARTER REFUSED.**

"Replevin is an action to try the right to possession of a chattel."  Press Access v. 1800 Postcards, 2012 WL 4857547, at *1 (S.D.N.Y. Oct. 9, 2012), citing N.Y. C.P.L.R. §7101.  To make out a claim of replevin, the plaintiff must allege: "(1) that it has a superior possessory right to the chattel, and (2) that it made a demand for possession of the chattel from the defendant."  Id. "Demand for the return of chattel is thus a necessary element to a claim of replevin."  Id.; see also Cohen v. Dunne, 2017 WL 4516820, at *6 (S.D.N.Y. Sep. 27, 2017)("To state a claim for replevin, a plaintiff must demand return of the property in question, and the cause of action then accrues when the defendant refuses to return it").

The FAC generally alleges that in March 2019, defendant Northway Mining LLC ("Northway") transferred Serenity and/or MinedMap's miner devices to Carter, and that Carter has been using the machines himself to make money in a bitcoin mining business.  (FAC ¶¶113, 115-16.)  The FAC vaguely alleges (without stating a basis) that Carter knew that the miners he received did not belong to Northway.  (Id. ¶127.)  There is also a vague allegation that Carter has placed title in the machines in the name of "third parties" (Id. ¶128), but the gist of the pleading appears to be that Carter is still in possession of the machines and using them himself.  (Id. ¶115.)

The FAC fails to state a claim for two reasons.  First, it does not allege that the plaintiffs demanded that Carter return the machines, or that Carter refused, which is a necessary element of the claim.  Cohen, 2017 WL 4516820, at *6.  At the very least they have to do that before suing Carter for replevin.

Second, falling short of the Twombly pleading standard, the FAC does not allege any plausible, factual basis for the proposition that Carter actually possesses, or ever possessed, the

machines.  The "Complaint offers no factual allegations that would indicate why plaintiff believes that such transfers to [Carter] occurred."  Safety-Kleen Systems, Inc. v. Silogram Lubricants, 2013 WL 6795963, at *9 (E.D.N.Y. Dec. 23, 2013).  The FAC alleges that defendant Northway hired Carter as an electrician in March 2019 (¶113), but beyond that it is entirely unclear why the plaintiffs think Carter possesses any of the machines, or why they think Carter is using the machines. These are simply conclusory, threadbare allegations.

III.   **COUNT III FAILS TO STATE A CLAIM FOR "CIVIL CONSPIRACY" BECAUSE NEW YORK LAW DOES NOT RECOGNIZE CONSPIRACY AS AN INDEPENDENT CAUSE OF ACTION, AND THE ALLEGATIONS OF COUNT III DO NOT PLEAD SPECIFIC CONSPIRATORIAL ACTIONS.**

"New York does not recognize an independent tort of conspiracy."  Kirch v. Liberty Media, 449 F.3d 388, 401 (2d Cir. 2006); see also McCall v. Chesapeake Energy Corp., 509 Fed.Appx. 62, 65 (2d Cir. 2013); Corporate Trade, Inc. v. Golf Channel, 2013 WL 5375623, at *5 (S.D.N.Y., Sep. 24, 2013).

It is true—as the plaintiffs will surely argue in response—that a person's conspiracy to commit some other, underlying tort may make him or her a tortfeasor, *liable for that other tort.* Payday Advance Plus, Inc. v. Findwhat.com, Inc., 478 F.Supp.2d 496, 506 (S.D.N.Y. 2007). Thus, courts have allowed plaintiffs to prove a defendant's complicity for a tort, such as fraud, with evidence of the defendant's conspiracy to commit the fraud.

But in this case, Count III appears to offer "civil conspiracy" as an independent cause of action. It would be different if the factual allegations in Count III were detailed *factual allegations* that described the conspiratorial acts by defendants that make them liable for one of the other claims.  But that is not what they are.  The allegations in Count III are just boilerplate, elementary-style allegations, presented as though they are form allegations for a separate claim.  (¶¶171-75.) And in any event, every claim in the FAC except for breach of contract (Count VI) and the aiding and abetting claim against Coinment (Count IX) is already plead against "all defendants" and, in

6

that regard, Count III adds nothing. "Therefore, to the extent that plaintiff alleges conspiracy as a separate cause of action, that separate claim must be dismissed." <u>Dechter v. Second Nature Therapeutic Program</u>, 42 F.Supp.3d 450, 463-64 (E.D.N.Y. 2014).

**IV.  COUNT IV FAILS TO STATE A CLAIM FOR CONVERSION AGAINST CARTER, BECAUSE THE ALLEGATIONS ARE CONCLUSORY, THE FAC DOES NOT ALLEGE THAT THE PLAINTIFFS DEMANDED RETURN OF THEIR PROPERTY, AND TO THE EXTENT THE PLAINTIFFS ALLEGE CONVERSION OF MONEY, THEY DO NOT ALLEGE THE EXISTENCE OF AN IDENTIFIABLE FUND.**

Count IV fails to state a claim for conversion against Carter for at least three reasons.

<u>First</u>, the FAC's allegations against Carter are speculative and conclusory.  The <u>Twombly</u> pleading standard does not necessarily require a plaintiff to lay bare all of its proof, but it does at least "require enough facts to nudge [plaintiff's] claims across the line from conceivable to plausible."  <u>Progressive Northeastern</u>, 2008 WL 4834508, at *2 (internal quotations omitted). Accordingly, conclusory allegations are insufficient to support a claim for conversion.  <u>City of Syracuse v. Loomis Armored US, LLC</u>, 900 F.Supp.2d 274, 302 (N.D.N.Y. 2012).  "A complaint that offers no factual basis for inferring conversion must be dismissed." <u>Krasner v. Rahfco Funds LP</u>, 2012 WL 4069294, at *7 (S.D.N.Y., Aug. 9, 2012).  In this case, the FAC asserts bald allegations: that Northway transferred Serenity or MinedMap's miners to Carter in March 2019 (¶113); that Carter "knew" the miners did not belong to Northway (¶127); that Carter has been using the miners, either himself or in conjunction with others (¶¶115-16); and that Carter possibly titled the miners in the names of unnamed third-parties (¶128).  But there is not a single factual basis pled for the plaintiffs' belief that any of this has occurred.  Why do the plaintiffs think that Carter has their machines?  Why do they think he is using them?  The only collateral fact alleged is that Carter, allegedly, has "been negotiating with Simpleray, a solar company, to obtain solar power to operate Serenity and MinedMap's Miners."  (¶114.)   But even if Carter is negotiating

with Simpleray for solar power, why do the plaintiffs think it is for use with *their machines*, as opposed to any other machines or any other purpose?

Second, the FAC does not allege that the plaintiffs demanded that Carter return their property, or that he refused. "To convert property, the defendant must do more than simply possess it." Pueblo Palomo v. Demaio, 403 F.Supp.3d 42, 56 (N.D.N.Y. 2019). When a defendant acquires property by peaceable means (such as a "transfer" by one in possession), "there is no conversion unless the defendant refuses the owner's demand to return the property or wrongfully transfers or disposes of it before a demand is made." Id.; see also Tap Manutencao v. Int'l Aerospace Group, 127 F.Supp.3d 202 (S.D.N.Y. 2015). Here, the FAC does not allege that the plaintiffs have ever demanded the return of any property from Carter, or that he has refused.

Third, to the extent the conversion claim seeks to recover income "money" (¶178) from the defendants, it is also defective for the separate and distinct reason that the plaintiffs never owned or possessed the alleged income. "[A] conversion claim for money only survives if [the] plaintiff had ownership, possession or control of the money prior to the conversion." Heap v. Centurylink, Inc., 2020 WL 1489801, at *18 (S.D.N.Y. Mar. 27, 2020)(internal quotations omitted); see also Fantozzi v. Axys Tech., 2008 WL 4866054 at *9 (S.D.N.Y. Nov. 6, 2008). In other words, the money must be a "specifically identifiable" fund or account "and there is an obligation to return it or treat it in a particular manner." Krasner, 2012 WL 4069294, at *7. A mere claim that a defendant should pay the plaintiff an amount in damages to make the plaintiff whole does not support a conversation claim. Fantozzi, 2008 WL 4866054 at *9 ("An obligation to be paid does not equate to a plaintiff's ownership, possession or control of the money in question"). Here, the only "money" that the FAC mentions regarding Carter is his vaguely alleged "income" earned from using the plaintiffs' machines (¶¶115-16). Even if those allegations are true

(they are denied) that is not money that the plaintiffs ever had "ownership, possession or control of" and, therefore, are not an appropriate subject of a conversion claim.

## V.      COUNT V DOES NOT STATE A CLAIM FOR FRAUD AGAINST CARTER.

In New York, the elements of fraud are: (1) a material misrepresentation of a fact by the defendant, (2) the defendant's knowledge of its falsity, (3) an intent to induce reliance,(4) justifiable reliance by the plaintiff, and (5) damages. Rogers v. Brooks, 2019 WL 1672364, at *3 (N.D.N.Y. Apr. 17, 2019).  The heightened pleading standard of Rule 9(b) requires the plaintiff to allege the circumstances of the fraud in detail, including sufficient factual matter from which the Court can plausibly infer that the defendant knew that his or her statement was false. Knight v. Fed'l Nat'l Mtg. Ass'n, 2014 WL 4901617, at *13 (N.D.N.Y. Sep. 30, 2014).

The FAC does not allege any direct fraud by Carter.  It does not allege that he made any representations to the plaintiffs.  As noted above, it is possible for a defendant to be liable in fraud indirectly, for conspiring with a direct tortfeasor to commit the fraud.  But for that theory, the plaintiff must allege: (1) a corrupt agreement between two or more parties; (2) an overt act by the defendant in furtherance of that agreement; (3) the defendant's intentional participation in the furtherance of the plan or purpose; and (4) the resulting damage or injury.  Lewis v. Rosenfeld, 138 F.Supp.2d 466, 479 (S.D.N.Y. 2001).  In accordance with the heightened pleading standard of Rule 9(b) applicable to fraud claims, bare, conclusory allegations do not suffice.  Id.; see also Meeker v. McLaughlin, 2018 WL 3410014, at *8 (S.D.N.Y. Jul. 13, 2018)(dismissing direct and conspiracy fraud claims for lack of particularity).  The plaintiff must allege facts from which the Court can reasonably infer that these elements are satisfied.

The FAC does allege, in conclusory fashion, that Carter "assisted" the other defendants by, allegedly, accepting custody of Serenity and/or MinedMap's miners from Northway.  (FAC ¶¶113,

115.)  Without explanation, the FAC alleges that Carter "knew" the miners did not belong to Northway. (Id. ¶127.)  But that is the extent of it.  The FAC does not allege any particular facts showing the basis for the belief that Carter has or had the plaintiffs' miners, other than the fact that Carter worked for Northway as an electrician (Id. ¶113), and that Carter has negotiated with a solar company to for power to operate miners (Id. ¶114). (The pleading does not explain why the plaintiffs believe that those alleged negotiations had anything to do with the plaintiffs' miners.)  In other words the FAC accuses Carter of bad acts only in a vague and speculative manner, which is insufficient to satisfy Rule 9(b) or Twombly.

## VI.    COUNT VII[3] DOES NOT STATE A **FRAUDULENT TRANSFER** CLAIM AGAINST CARTER.

The plaintiffs' purported fraudulent transfer claim against Carter is governed by former Article 10 of the New York Debtor & Creditor Law, entitled "Fraudulent Conveyances," which was in force until April 3, 2020.  Effective April 4, 2020, New York repealed and replaced that article, with a new Article 10 entitled "The Uniform Voidable Transactions Act."  However, the enabling legislation states that the prior version of Article 10 shall continue to apply in cases concerning transfers that occurred before the new law's effective date (i.e., before April 4, 2020). See 2019 New York Assembly Bill No. 5622, §7.[4]  In this case, the plaintiffs filed their FAC before April 4, 2020 and, therefore, they presumptively allege transfers that are governed by former Article 10.  A copy of former Article 10 has been supplied to the Court as Addendum B to ECF Doc. #55-1.

---

[3]     This motion does not address Count VI for breach of contract, because that claim is not asserted against defendant Carter.  The heading for Count VI (pg. 23) indicates that it is pled only against defendants Northway, Mining Power, Dror Svorai and Michael Maranda.

[4]     A copy of that legislation is part of the docket in this case, as the Addendum A to ECF Doc. #55-1.

Under the applicable law, a plaintiff must allege either a constructive fraudulent transfer or an actual fraudulent transfer.  The FAC does not allege either against Carter.

### 1.      The FAC does not allege a constructive fraudulent transfer.

A constructive fraudulent transfer is as a conveyance by a debtor to a third party in which (A) the transferee did not give "fair consideration," and (B) at least one of the following circumstances is present at the time of the transfer: (i) the debtor is insolvent or will be rendered insolvent by the conveyance, (ii) the debtor is a defendant in an action for money damages or a judgment in such an action has been docketed against him and the debtor fails to satisfy the judgment, (iii) the debtor is engaged in or is about to engage in a business or transaction for which its remaining property will constitute unreasonably small capital, or (iv) the debtor believes it will incur a debt beyond its ability to pay.  See former Debtor & Creditor Law §§273, 273-a, 274 and 275; see also Safety-Kleen Systems, Inc. v. Silogram Lubricants, 2013 WL 6795963, at *4 (E.D.N.Y. Dec. 23, 2013)(summarizing grounds for constructive fraudulent conveyance); Amusement Indus., Inc. v. Midland Ave. Assoc., 820 F.Supp.2d 510 (S.D.N.Y. 2011).

There is some disagreement in the case law as to whether a constructive fraudulent conveyance case is subject to the Rule 8 Twombly pleading standard, or subject to the heightened standard of Rule 9(b).  See In re Bernard L. Madoff Inves. Sec., 2012 WL 5511952 (S.D.N.Y. Nov. 14, 2012)(comparing cases).  But even under the Rule 8 standard, the FAC fails to state a claim against Carter.  Twombly requires, at a minimum, that the complaint plead facts showing a plausible basis for the inference that the transfers actually occurred and facts substantiating the premise that the transfers were made "without fair consideration" (or without "reasonably equivalent value") and would purportedly render the debtor insolvent, etc.  For example, in Safety-Kleen, the Eastern District denied a motion to amend which sought to add a constructive fraudulent

conveyance claim, where the complaint merely alleged that the transfers occurred, coupled with formulaic averments that the transfers were not supported by fair value.  In denying leave to amend, the court explained:

> [B]eyond these bare bones allegations that track the statutory language of the DCL, the Complaint contains no factual allegations that would indicate why plaintiff believes that such transfers to Margolis and the John Does occurred or the factual basis for the belief that these transfers were made without fair consideration. Nor does the Complaint allege with any degree of specificity when the transfers occurred, how much money was involved in the transfers, or the basis upon which plaintiff believes that the transfers were made without consideration.

2013 WL 6795963, at *9; see also Amusement Indus., 820 F.Supp.2d at 528 ("The complaint does little to allege with specificity that any money paid to Stephen Stern was without fair consideration.").

Just like the vague complaint in Safety-Kleen, the FAC does not allege the "factual basis for the belief" that any defendant made a fraudulent transfer to Carter, or that Carter made a fraudulent transfer to anyone else.  There are bare, vacuous allegations that Northway transferred Serenity or MinedMap's mining machines to Carter (¶113), but not even a basic explanation of why the plaintiffs think that.  There is an almost completely obscure allegation that Carter moved title in the machines to unnamed "third parties" (¶128), but again not even a perfunctory *factual* allegation supporting that assertion.  The FAC does not sufficiently allege that Northway or Maranda (or any other defendant) made any transfer to Carter that rendered the transferor insolvent or that Carter made a transfer that rendered him insolvent.  There is simply a bare allegation in ¶196 that the "Defendants were insolvent or rendered insolvent because of the transfer."  That does not meet the Twombly pleading standard.

12

### 2.      The FAC does not allege an actual fraudulent transfer.

An *actual* fraudulent conveyance is one made with an "*actual intent* … to hinder, delay, or defraud either present or future creditors []." <u>See</u> former Debtor & Creditor Law §276.  It does not necessarily require a showing that the debtor was insolvent or would be rendered insolvent, but does require a guilty mind by the defendant.  It is well-settled that because an actual fraudulent conveyance is rooted in deceptive acts, the complaint must satisfy the heightened pleading standard of Rule 9(b).  <u>See</u> <u>In re Tribune Company Fraudulent Conveyance Lit.</u>, 2017 WL 82391, at *4 (S.D.N.Y. Jan. 6, 2017); <u>Innovative Custom Brands v. Minor</u>, 2016 WL 308805, at *2 (S.D.N.Y. Jan. 25, 2016).  This requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake," and "*allege facts* that give rise to a strong inference of fraudulent intent" by the defendant. <u>In re Tribune Company Fraudulent Con. Litig.</u>, 2017 WL 82391, at *4 (S.D.N.Y. Jan. 6, 2017).  "An inference is strong if it is cogent and at least as compelling as any opposing inference one could draw from the facts alleged." <u>Id.</u>  The pleading standard also requires the plaintiff "to plead with specificity when, how often, or in what amounts the allegedly fraudulent conveyances took place."  <u>Innovative Custom Brands</u>, 2016 WL 308805, at *2.

The FAC clearly does not meet that standard.  The allegation that Carter received machines from Northway that he "knew" did not belong to Northway (¶127) is conclusory, unexplained, and certainly does not "*allege facts* that give rise to a strong inference of fraudulent intent" by the defendant. <u>Tribune Company</u>, 2017 WL 82391, at *4.  Other than to vaguely allege that Carter received an unknown number of machines from Northway in March 2019 (¶113), the pleading does not "plead with specificity when, how often, or in what amounts the allegedly fraudulent

conveyances took place." Innovative Custom Brands, 2016 WL 308805, at *2. Thus, the FAC is also insufficient to plead this theory against Carter.

## VII.    COUNT VIII DOES NOT STATE A CLAIM FOR UNJUST ENRICHMENT AGAINST CARTER.

"Under New York law, the elements of unjust enrichment are: "(1) the [defendant] was enriched, (2) at the [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered." Cohen, 2017 WL 4516820, at *4. Importantly, however, "A cause of action for unjust enrichment is only available when circumstances create an equitable obligation running from the defendant to the plaintiff." Id. "A plaintiff cannot succeed on an unjust enrichment claim unless "it has a sufficiently close relationship with the other party." Id. "While a plaintiff need not be in privity with the defendant to state a claim for unjust enrichment,' there must exist a relationship or connection between the parties that is not 'too attenuated." Id. "The New York Court of Appeals has held that a relationship is too attenuated where the parties simply had no dealings with each other, and the complaint did not allege that the parties had any contact" in the underlying transactions. Id. (internal quotations omitted), citing Georgia Malone & Co. v. Rieder, 19 N.Y.3d 511, 516 (2012)(explaining that unjust enrichment claim failed to state a cause of action where the "pleadings failed to indicate a relationship between the parties that could have caused reliance or inducement"); see also In re North Sea Brent Crude Oil Futures Litig., 256 F.Supp.3d 298, 315 (S.D.N.Y. 2017).

The FAC does not allege that the plaintiffs had any dealings with Carter. It certainly does not "indicate a relationship between the parties that could have caused reliance or inducement." North Sea Brent, 256 F.Supp.3d at 315. The FAC alleges that the plaintiffs had dealings with Michael Maranda and Northway, and they will litigate their claims with those defendants in due

course.  (Maranda and Northway have made a partial motion to dismiss some of the claims against them, but issue will eventually join on the remaining claims against them.)   But the unjust enrichment claim, as pled against Carter, is "too attenuated" and should be dismissed.[5]

## **CONCLUSION**

For the foregoing reasons, defendant Michael Carter's motion to dismiss should be granted.

Dated: Troy, New York
       August 7, 2020

Respectfully submitted,

E. STEWART JONES HACKER MURPHY LLP

_____*/s/ Benjamin F. Neidl*_____
By:    Benjamin F. Neidl
       John F. Harwick
*Attorneys for Defendants Northway Mining LLC,*
 *Michael Maranda, Michael Maranda LLC, Hudson*
*Data Center Inc. and Michael Carter*
28 Second Street
Troy, N.Y.  12180
(518)274-5820

---

[5]    This motion does not address Count IX for "aiding and abetting fraud," because that claim is only pled against defendant Coinmint, LLC.  (FAC pg. 25.)