UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

9384-2557 QUÉBEC INC., a Canadian corporation; MINEDMAP, INC., a Nevada corporation; and SERENITY ALPHA, LLC, a Nevada limited liability, and other similarly situated individuals,

                  Plaintiffs,

-against-

NORTHWAY MINING, LLC, a New York limited liability company; MICHAEL MARANDA, an individual; MICHAEL CARTER, an individual; CSX4236 MOTORCYCLE SALVAGE, LLC, a New York limited liability company; DROR SVORAI, an individual; MINING POWER GROUP, INC., a Florida corporation; HUDSON DATA CENTER, INC, a New York Corporation, MICHAEL MARANDA, LLC, a New York Limited liability company; PORTER KING HILL CONTRACTING, LLC, COINMINT, LLC, a Delaware limited liability company,

                  Defendants.

**ATTORNEY AFFIRMATION IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT**

Civ. Action No.: 1:19-CV-00501-TJM-CFH

**JURY TRIAL DEMANDED**

**BENJAMIN F. NEIDL**, and attorney duly admitted to practice law before this Honorable Court, affirms under penalty of perjury the following:

1. I am of counsel to the law firm of E. Stewart Jones Hacker Murphy LLP, attorneys for defendants Northway Mining LLC, Michael Maranda, Michael Maranda LLC, Hudson Data Center Inc. and Michael Carter. I respectfully submit this affirmation in opposition to the plaintiffs' motion for criminal and civil contempt sanctions against Michael Maranda and Michael Carter. (ECF Doc. #110.) This affirmation is based upon my personal knowledge.

2. The plaintiffs' motion also seeks contempt sanctions against non-party Melissa Welsch. The plaintiffs have not acquired jurisdiction over Ms. Welsch. The Court's order setting the briefing schedule for this motion provided that Ms. Welsch shall be obligated to respond to the motion within 14 days of being served. (Text Order Jul. 27, 2020.) As of this writing, upon

1

information and belief, she has not been served (and there is no affidavit of service filed). We understand that if served, Ms. Welsch will likewise timely oppose this motion.

3. Defendants Maranda and Carter's opposition includes the following, which have been filed and served simultaneously with this Affirmation:

    a. The Affidavit of Michael Maranda sworn to August 14, 2020;

    b. The Affidavit of Michael Carter sworn to August 13, 2020; and

    c. The defendants' Memorandum of Law in opposition, dated August 14, 2020.

4. Those documents speak for themselves, and I respectfully incorporate them by reference. The reasons for denying the motion are argued in detail therein.

5. In this Affirmation, I will briefly address two other, discrete points that are within my personal knowledge

6. <u>First</u>, I must address an incorrect statement in the plaintiffs' "Notice of Motion" (ECF Doc. #110) at pg. 4. As the Court will recall, during a June 19, 2020 teleconference with the Magistrate Judge and counsel, I indicated that our client Michael Maranda had told us that the Serenity/Minedmap machines were stored in Oswego, New York. The Magistrate Judge asked me what the address was. I did not have the specific address, but said I could get it from Mr. Maranda. The Magistrate directed me to obtain the address and provide it to plaintiffs' counsel by the next day, June 20 (and this also appears in the Court's text order of June 19). That afternoon, I spoke with Mr. Maranda and he informed me that the machines were actually at two addresses in Oswego: 193 East Seneca Street and 2140 County Route 1. That afternoon (June 19) I emailed Mr. Williams a letter disclosing those two addresses, a copy of which is annexed hereto as **Exhibit A**.

7. At 9:54 p.m. that day (June 19) I received a bizarre email from plaintiffs' counsel, Mr. Williams, in which he indicated that he was taking my letter as a representation, apparently, that there were 3,000 miners at the sites, a true and accurate copy of which is annexed hereto as **Exhibit B**. This struck me as improper because: (a) to my knowledge Minedmap/Serenity had not even alleged that the number of machines in question was *3,000*; and (b) in my letter to Mr. Williams, I had not pretended to know *how many* machines were in Oswego, I had simply told him that that's where the machines were, according to our client. I responded to Mr. Williams with another email letter on June 21, 2020, in which I specifically told him I did not know how many machines were in Oswego, only that our client insists that all of the Serenity/Minedmap machines that he has are there. A copy of that letter is annexed hereto as **Exhibit C**. (Later, in July, after the Court issued a writ of replevin, our clients palleted the machines to turn over to the Marshalls, and counted up a total number of 2,051 units.)

8. The reason I have relayed all this history is this correspondence belies some statements by Mr. Williams in his "Notice of Motion" which he offers supposedly as evidence of the defendants' contempt. At page 4 of the "Notice of Motion" (ECF Doc. #110) he writes the following:

> In response to [the Magistrate Judge's June 19] Order, John Harwick, Esq. ("Harwick") and Benjamin Nield [sic], Esq., counsels for Defendants, sent Plaintiffs a letter on June 19, 2020, representing that all 2,789 of Plaintiffs' miners were at 193 Seneca Street Oswego, New York and 2140 County Route 1 Oswego, New York. This letter from Harwick and Niedl [sic] was a pretextual, a mere attempt to hold off Plaintiffs while Defendants destroyed, transported, and made fraudulent insurance claims on Plaintiffs' miners.

9. As the attached Exhibits A through C show, Mr. Williams' statement that my letter represented "that all 2,789" miners were at the Oswego addresses is utterly false. Moreover, the plaintiffs' First Amended Complaint alleges that the number of machines was 2,689 (¶90) and

3

Exhibit B to their motion for writ of replevin listed only a little over 2,400. The plaintiffs have been all over the place in their allegations of how many machines there were, and I do not know where this 2,789 number comes from—clearly I did not certify that there were 2,789 machines were in Oswego.

10.     Furthermore, for Mr. Williams' statement that the letter was a pretense to "hold off" the plaintiffs so as to buy time so that they could run off with machines in violation of a Court order is ridiculous and frivolous. The letter was not a "pretense": I wrote it because the Court directed me to, and provided the addresses that Mr. Maranda gave me. And the letter did not "hold off" the plaintiffs from doing anything. They were free to make their motion for a writ of replevin that very day if they wanted to. Mr. Williams' casual accusations of this nature against fellow members of the bar (who have been practicing here far longer than he has) fall well below his Rule 11 obligations.

11.     <u>Second</u>, for the Court's information, my colleague John Harwick and I attempted to coordinate an efficient transfer of the Serenity/Minedmap machines to the Marshalls, prior to the Marshalls' arrival at the Oswego sites on July 24, 2020. On July 17, I emailed plaintiffs' counsel and tried to set up a phone conference to discuss how we could conduct an orderly transfer of the machines (see **Exhibit A** hereto), to which counsel never responded. Moreover, my colleague Mr. Harwick spoke with Barbara Wright in the Marshalls' office in Syracuse on July 22, also for the purposes of scheduling a turnover of the machines, and followed that with an email the same date (see **Exhibit B** hereto). We were hoping to schedule a particular day and time for the turnover of the machines, so that defendant Maranda could be at the site to facilitate the transfer and answer any questions (Mr. Harwick or I also would have attended). That did not come to pass because the plaintiffs and the Marshalls came to the property unannounced on July 24. Although

that was their prerogative under the writ of replevin, if we had known the day and time and Mr. Maranda could have been present, he would have been able to respond to the plaintiffs' contentions at the site that the machines were not theirs, and possibly addressed that by reference to the serial and chip numbers hash boxes on the sides of the machines which they evidently did not inspect.

12. Finally, the defendant demand a trial by jury if and to the extent the Court proceeds with the plaintiffs' criminal contempt motion,[1] and an evidentiary hearing pursuant to NDNY Local Rule 83.5 for the civil contempt motion.

WHEREFORE, for the foregoing reasons set forth in the accompanying papers, the plaintiffs' motion should be denied in its entirety or, failing that, defendants are entitled to a jury trial on the motion for serious criminal contempt sanctions, and an evidentiary hearing as to all other relief.

Dated: Troy, New York
August 12, 2020

Respectfully submitted,

E. STEWART JONES HACKER MURPHY LLP

*/s/ Benjamin F. Neidl*

By: Benjamin F. Neidl
John F. Harwick
*Attorneys for Defendants Northway Mining LLC, Michael Maranda, Michael Maranda LLC, Hudson Data Center Inc. and Michael Carter*
28 Second Street
Troy, N.Y. 12180
(518)274-5820

[1] If, for whatever reason, the Court determines that the defendants are not entitled to a jury trial, the defendants demand an evidentiary hearing pursuant to NDNY Local Rule 83.5.