UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

9384-2557 QUÉBEC INC., a Canadian corporation; MINEDMAP, INC., a Nevada corporation; and SERENITY ALPHA, LLC, a Nevada limited liability, and other similarly situated individuals,

                        Plaintiffs,

-against-

NORTHWAY MINING, LLC, a New York limited liability company; MICHAEL MARANDA, an individual; MICHAEL CARTER, an individual; CSX4236 MOTORCYCLE SALVAGE, LLC, a New York limited liability company; DROR SVORAI, an individual; MINING POWER GROUP, INC., a Florida corporation; HUDSON DATA CENTER, INC, a New York Corporation, MICHAEL MARANDA, LLC, a New York Limited liability company; PORTER KING HILL CONTRACTING, LLC, COINMINT, LLC, a Delaware limited liability company,

                        Defendants.

Civ. Action No.: 1:19-CV-00501-TJM-CFH

# MEMORANDUM OF LAW IN OPPOSITION

## TO MOTION FOR PRE-JUDGMENT ATTACHMENT

John F. Harwick, Esq.
Benjamin F. Neidl, Esq.
E. STEWART JONES HACKER MURPHY LLP
*Attorneys for Defendants Northway Mining LLC, Michael Maranda, Michael Maranda LLC, Hudson Data Center Inc. and Michael Carter*
28 Second Street
Troy, N.Y. 12180
(518)274-5820

## **PRELIMINARY STATEMENT**

Defendants Michael Maranda and Michael Carter, by and through their undersigned attorneys, respectfully submit this Memorandum of Law in opposition to the plaintiffs' motion for pre-judgment attachment.

## **ARGUMENT**

### I  THE LEGAL STANDARD.

The plaintiffs' motion apparently relies on N.Y. CPLR §6201(3), which requires the plaintiff to show that: "the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts."

Pre-judgment attachment "is an extraordinary remedy created by statute in derogation of common law." Brastex Corp. v. Allen Int'l, 702 F.2d 326, 332 (2d Cir. 1983). If improperly deployed, attachment amounts to "gross interference with defendants' rights to use and enjoy their own property." Reeder v. Mastercraft Elec, 297 F.Supp. 820, 821 (S.D.N.Y. 1969). Accordingly, pre-judgment attachment must be "strictly construed in favor of those against whom it is employed." Brastex, 702 F.2d at 332.

This requires a strict evidentiary showing. The plaintiff is required to submit an "***affidavit*** and such other ***written evidence***" of the grounds for attachment (*i.e.*, the fraudulent assignment or disposition of property to frustrate a potential judgment), and that he is likely to succeed on the merits of the action. N.Y. CPLR §6212(a). The term "affidavit or such other written evidence" means what it sounds like: sworn proof by a competent witness with knowledge of the facts. Reeder, 297 F.Supp. at 821; DLJ Mortgage Capital v. Kontogiannis, 594 F.Supp.2d 308, 319 (E.D.N.Y. 2009)("Because "[f]raud is not lightly inferred," plaintiff's "moving papers must

1

contain evidentiary facts as opposed to conclusions proving the fraud."); see also Rome Trust Co. v. Cummings, 123 Misc. 884 (S. Ct. Oneida Co. 1924); Parker v. Wallace Co., 206 A.D. 465 (1st Dep't 1923).  The burden of proof rests squarely on the plaintiff, and the elements "cannot be lightly inferred but must be affirmatively proved." Merril Lynch v. Kelly, 585 F.Supp. 1245, 1258 (S.D.N.Y. 1984).  It is also well-settled that an attorney affirmation itself has no evidentiary value. Ciaparazi v. Goord, 2005 WL 3531464, at n.2 (N.D.N.Y. 2005), citing Kamen v. Amer. Tel. Co., 791 F.2d 1006, 1011-12 (2d Cir. 1986).

In addition, a plaintiff seeking prejudgment must post an undertaking in an amount fixed by the Court, in order to "pay to the defendant all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment if the defendant recovers judgment or if it is finally decided that the plaintiff was not entitled to an attachment of the defendant's property, and the balance conditioned that the plaintiff shall pay to the sheriff all of his allowable fees." N.Y. CPLR R. 6212(b).  This undertaking requirement is mandatory. Kornblum v. Kornblum, 34 A.D.3d 748 (2d Dep't 2006).

## II.     THE PLAINTIFFS HAVE NOT CARRIED THEIR BURDEN.

The plaintiffs' motion consists only of a document entitled "Motion for Prejudgment Attachment" (ECF Doc. #111) signed by the plaintiffs' attorney, Mr. Williams.  It is essentially an attorney affirmation, even if it is not titled as one.  In that document, Mr. Williams makes only bald statements, of which he does not claim to have personal knowledge.  Without citing any sources, Mr. Williams makes broad allegations that the defendants are "hiding cash" in their homes, or that they are transferring assets to mostly unidentified third parties (the only person he names is Melissa Welsh).  (ECF Doc. # pg. 111 pg. 3.)  Williams makes these conclusory allegations without claiming to have witnessed anything himself, and without even citing any

2

source for his allegations.  Even if Mr. Williams' affirmation were proof (which it is not), he does not specify what transactions he is talking about, when they allegedly occurred, and why he thinks any transaction was not supported by consideration.  The only particular transaction Williams identifies is the defendants' payment of rent to Maranda's landlord in Oswego (for the two locations where he stores mining devices), but the payment of rent is not a fraudulent transfer, it is an ordinary expense (and there is nothing prohibiting a tenant from paying a landlord $700 in rent in cash).  The plaintiffs' motion simply falls far short of the threshold necessary for the "extraordinary" remedy of attachment (Brastex, 702 F.2d at 332), and the "gross interference with defendants' rights to use and enjoy their own property" that it entails  (Reeder, 297 F.Supp. at 821). Moreover, Michael Maranda and Michael Carter have submitted affidavits with this opposition denying Mr. Williams' vacuous allegations, such as they are.

The motion also does not coherently explain what property the plaintiffs wish to attach. Mr. Williams writes: "Plaintiffs therefore seek the attachment of the items identified in Exhibit A to this Motion. See Affidavit of Daniel I. Kim."  (ECF Doc. #111.)  But there is no Exhibit A to the motion, and it is not accompanied by any affidavit by Mr. Kim.  Mr. Kim did submit an affidavit in support of the plaintiffs' separate motion for contempt (ECF Doc. #110-2), but that affidavit does not assert any information about the defendants purportedly disposing of assets or doing anything else contemplated by CPLR §6201, and it does not identify any property that the plaintiffs would have the Court attach.

The defendants further dispute that the plaintiffs are likely to succeed on the merits in this litigation. Defendant Maranda has attested in his prior affidavits that Serenity/Minedmap breached its contract with Northway Mining, after the defendants had spent hundreds of thousands of dollars improving his facility to host those machines, for which the defendants intend to assert

counterclaims, and as for which he asserted a lien over the machines (N.Y. Labor Law §180.) (ECF Doc. #117, ¶13.)  Mr. Maranda has also attested that has Serenity/Minedmap's machines at the two locations in Oswego (Id. ¶39) and that they are available to be collected by the Marshalls (and were so available on July 24, when the plaintiffs and the Marshalls came).   Mr. Williams' conclusory affirmation is simply too insubstantial to demonstrate that the plaintiffs are so likely to prevail as to justify the extraordinary remedy of attachment.

### III.     THE PLAINTIFFS HAVE NOT ADDRESSED THE ISSUE OF AN UNDERTAKING

As noted, CPLR R. 6212(b) requires the plaintiff to post a mandatory undertaking, as security for two different categories of loss or expense: (1) "all costs and damages, including reasonable attorney's fees, which may be sustained [by the defendant] by reason of the attachment if the defendant recovers judgment or if it is finally decided that the plaintiff was not entitled to an attachment of the defendant's property"; and (2) "the balance conditioned that the plaintiff shall pay to the sheriff all of his allowable fees."  See also Kornblum, 34 A.D.3d at 748 (explaining that undertaking is mandatory, and plaintiff's failure to perfect same is a jurisdictional defect).

In this case, even if the plaintiffs did establish grounds for attachment on the merits (which they clearly have not) their papers are utterly silent on what sort of undertaking they propose. Moreover, because their motion completely fails to identify what property they would attach, there is no intelligent way to measure the potential damages and costs to the defendants pursuant to CPLR R. 6212(b) and, thus, no way to fix an appropriate undertaking.

## **CONCLUSION**

For the foregoing reasons, the plaintiffs' motion should be denied in its entirety.

Dated: Troy, New York  
       August 21, 2020

Respectfully submitted,

E. STEWART JONES HACKER MURPHY LLP

    */s/ Benjamin F. Neidl*  
By:   Benjamin F. Neidl  
       John F. Harwick  
*Attorneys for Defendants Northway Mining LLC,*  
*Michael Maranda, Michael Maranda LLC, Hudson*  
*Data Center Inc. and Michael Carter*  
28 Second Street  
Troy, N.Y. 12180  
(518)274-5820