# Exhibit C

**To Affirmation of Benjamin F. Neidl**



28 SECOND STREET
TROY, NY 12180
PHONE: (518) 274-5820
FAX: (518) 274-5875

7 AIRPORT PARK BOULEVARD
LATHAM, NY 12110
PHONE: (518) 783-3843
FAX: (518) 783-8101

511 BROADWAY
SARATOGA SPRINGS, NY 12866
PHONE: (518) 584-8886

www.joneshacker.com

PLEASE REPLY TO:
Troy Office

June 22, 2020

<u>Via Email</u>

T. Edward Williams, Esq.
Williams LLP
7 World Trade Center
250 Greenwich Street, 46th Floor
New York, N.Y. 10007

    Re:        **9384-2557 Quebec, Inc. et. al. v. Northway Mining LLC et. al.**
                  N.D.N.Y.  1:19-cv-00501

Dear Mr. Williams:

I am writing in response to your email of June 19, 2020, and to request a call with you to meet and confer about the posting of an appropriate undertaking to resolve custody of the Serenity/MinedMap machines.

First, I would like to address the line in your email that states: "Thanks for sending this letter and for letting me know that *all* of my clients' miners are at the two locations you claim" (emphasis in original).  To be clear, our client advises us that the Serenity/MinedMap miners are at the two addresses disclosed in my letter, and are at no other locations.  With regard to your emphasis on the word "all," I believe the parties are in dispute about how many miners Serenity/MinedMap actually delivered to Northway in the first place, so my remarks during the conference and in my June 19 letter are not a concession to your version of how many miners were delivered or when.  I am sure that we will litigate over that number, but what I am telling you is that our client tells us that the defendants are not storing any of the miners at any locations other than the two I mentioned in my letter, namely: (i) 2140 County Route 1, Oswego; and (ii) 193 East Seneca Street, Oswego.

Second, with regard to your assertion that there are no miners at 2140 County Route 1, and that it is essentially a distribution center, you will have to advise us what is the basis for that assertion.  Michael Maranda tells us that the property is not a distribution center at all and that a number of the miners are, in fact, there.

Third, with regard to your statement about 193 East Seneca Street: "I will have the State Trooper stop at that location this evening to confirm that it is capable of hosting 3000 miners."  I didn't say that the defendants were "hosting" 3,000 miners.  In fact my June 19 letter specifically said that only a few hundred of the miners are plugged in and the rest are stored—the machines at the Senaca Street location are all stored, none of them are running.  I also did not say that there were 3,000 miners to begin with.  Defendants Northway and Maranda aver that Serenity and MinedMap did not deliver

3,000 miners. Again, we may litigate over the number, but I ask you not to put words in my mouth about how many machines changed hands.

Moving past that for the moment, in order to put this issue to rest and move toward a compromise on custody of the machines, we would like to confer with you regarding the posting of an appropriate undertaking as security for a turnover of the machines.  If we cannot come to an agreement we will have to address this in a motion to the Court but we are, as you know, obligated first to try to resolve disputes before resorting to non-dispositive motion practice.

We have had some previous correspondence with you about this issue.  The defendants claim a possessory lien on the miner devices pursuant to N.Y. Lien Law §108, as security for the substantial work that they did to program and power the machines before Serenity and MinedMap abruptly purported to cancel the contract.  Under the CPLR, replevin is a provisional remedy, requiring the plaintiff to post an undertaking as security for the defendant, in the event the defendant is ultimately found to have had a legitimate, superior right to possession.  CPLR §7102(e).  The details of undertakings are specified by CPLR Article 25.  For undertakings in excess of $1,000, the surety must either be an insurance company, or a person domiciled in New York State who pledges real estate as security for the undertaking.  CPLR §§2502(a) and 2503.  The document you filed in this case (and which was never served on the defendants as far as we know—there is no affidavit of service filed) is simply a promise to pay, by Serenity and Minedmap (who are not New York domiciliaries), with no pledge of real estate as security.  (ECF Doc. #21.)

If the plaintiffs file an appropriately secured undertaking (such as a bond from an insurance company) the defendants are prepared to turn over custody of the machines on consent.  We would like to speak with you about that possibility at your earliest convenience.  Please advise what your availability is this week, thank you.

Sincerely,

E. STEWART JONES HACKER MURPHY LLP

_____
Benjamin F. Neidl, Esq.
bneidl@joneshacker.com
Direct Dial: (518) 270-1253