**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**9384-2557 QUEBEC, INC., a Canadian corporation;**
**MINEDMAP, INC. a Nevada corporation; and**
**SERENITY ALPHA, LLC, a Nevada limited liability**
**company**

                              **Plaintiffs,**

        **v.**                                            **1:19-CV-501**
                                                          **(TJM/CFH)**

**NORTHWAY MINING LLC, a New York limited**
**liability company, et al.,**

                              **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


                              **ORDER**

        This case concerns Plaintiff's claims that Defendants committed fraud by

misrepresenting their ability to facilitate the hosting of Plaintiffs' bitcon mining operation.

Plaintiffs allege that Defendants operated a civil racketeering conspiracy, committed fraud,

breached contracts, and engaged in other business conduct that injured them.  They seek

monetary damages, and have pressed since the beginning of the litigation for the return of

certain bitcoin mining machines ("miners") in the Defendants' possession.  The Court has

twice provided writs of replevin for recovery of those machines, but Plaintiffs have not

obtained them.

        On October 16, 2020, Plaintiffs' counsel wrote the Court to request a phone

                              1

conference.  See dkt. # 134.  Counsel represented that Defendants' counsel had recently

informed him that "several of Plaintiffs' bitcoin miners were destroyed in a power surge . . .

on April 23, 2020."  Id.  Defendants had received $197,275 from an insurance claim on

that property.  Id.  Defendants' counsel holds those funds in his trust account.  Id.

Plaintiffs, counsel explains, have requested that Defendants turn those funds over to them

as "such turnover is consistent with this Court's Orders on Plaintiffs' Writs of Replevin."  Id.

Defendants refuse to turn over those funds, and Plaintiffs' counsel claims that Defense

counsel intends to turn the funds over to his clients "on or before Friday, October 23,

2020."  Id.  Faced with this looming event, Plaintiffs seek a telephone conference with the

court and "also seek an immediate order barring Defendants['] attorney from moving the

$197,275 from their trust account without further instructions from this court."  Id.

Defendants' counsel responded.  See dkt. # 136.  Counsel too seeks a telephone

conference with the Court.  Id.  He agrees that "our firm will continue to hold the $197, 275

. . . in escrow pending further instruction from the Court."  Id.  The parties may be able to

establish how the money should be dispersed in such a conference "or, failing that, we

can settle the issue through formal motion practice."  Id.  Defendants contend that a

question of fact exists as to who is entitled to the money because ownership of the

destroyed machines is in disputed.  Moreover, there are contested issues as to

Defendants' liability in this matter, and Plaintiffs should not obtain the funds without

posting a bond.

The Court sees no need for a telephone conference in this matter.  The parties

have laid out the issues in their letters, and the proper resolution of the matter is clear to

the Court.  There is a dispute over the ownership of the funds in question.  There is no

2

motion before the Court for the transfer of those funds to anyone; Plaintiffs have simply requested that the Defense counsel be prevented from transferring those funds to the Defendants without further order of the Court.  It is also clear that the ultimate destination of those funds cannot be determined without additional evidence and a proper motion at an appropriate time.  That moment has not yet arrived.  The Court finds, however, that Defendants do not oppose Plaintiffs' request that counsel maintain the funds in their present location until further order of the Court.  An order dispersing the funds will not appear until the parties file proper motions and litigate them.

As such:

Defense counsel is hereby **ORDERED** to maintain the $197,275 insurance payment in question in his firm's attorney escrow account until further order of the Court.

**IT IS SO ORDERED.**

Dated:  October 20, 2020

Thomas J. McAvoy
Senior U.S. District Judge