**E. STEWART**
**Jones Hacker Murphy** LLP
ATTORNEYS & COUNSELORS AT LAW

Please send all mail to:
**TROY OFFICE**

28 SECOND STREET
TROY, NY 12180
PHONE: (518) 274-5820

200 HARBORSIDE DRIVE, SUITE 300
SCHENECTADY, NY 12305
PHONE: (518) 783-3843

511 BROADWAY
SARATOGA SPRINGS, NY 12866
PHONE: (518) 584-8886

1659 CENTRAL AVENUE, SUITE 103
ALBANY, NY 12205
PHONE: (518) 486-8800

FAX: (518) 274-5875

www.joneshacker.com

May 5, 2021

VIA ECF FILING
Hon. Christian F. Hummel
United States Northern District Court

Re:   Minedmap, Inc. v. Northway Mining, LLC , et al.
      Case No.:   1:19-cv-00501-TJM-CFH
      Our File No.: 8461.002

Dear Magistrate Hummel,

I write in response to Doc #162, Minedmap, Inc.'s request for a conference.

We agree that a pre-motion conference is appropriate.

We also acknowledge the Court's order and will have Michael Miranda available on May 12, 2021 at 11:30 a.m.

Contrary to Mr. Williams assertions there were no misrepresentations made by the defendants or their counsel. Copies of Mr. Neidl's two (2) letters to Mr. Williams dated June 19, 2020 and June 22, 2020 following Your Honor's Order (Doc# 76) are attached as Exhibit "A". The information contained therein came from our client and we believe it was accurate.

Indeed, Defendants subsequently submitted proof in opposition to Plaintiff's prior contempt motion proving that the miners were available for pickup by Marshal in Oswego as ordered by the Court. Defendants' papers submitted in opposition to Plaintiff's motion for contempt (Doc. # 116-126) are incorporated herein by reference.

The presence of the Miners in Defendants' Oswego facility in July 2020 is also shown by Daniel Kim's (a/k/a Mangomuncher) admission in his Twitter post attached as Exhibit "B." While Mr. Kim claimed that serial numbers were removed from its miners, this is belied by photos submitted on the contempt motion. (See, Doc #117) Each miner had an additional identification number printed on its board as pointed out by the commentator to Mr. Kim's post. (See also, Maranda affidavit at Doc # 117 at paragraph 29 and photos attached thereto as Exhibit "E").

Despite the presence of the miners at Defendant's Oswego facility, Mr. Williams attempted to seek an order holding the Defendants in contempt for failure to make the miners available. That motion was denied by Judge Hurd at Doc #156, a copy of which is attached as Exhibit "C". Notably, the standard of proof for civil contempt is clear and convincing standard of proof for a criminal contempt matter is "beyond a reasonable doubt". In his decision, Judge Hurd noted the Plaintiffs' abject failure of proof as to their allegations.

Contrary to Mr. William's baseless current assertions, the proof submitted on the prior contempt motion showed that the miners were at the Oswego facility, wrapped on pallets ready to be picked up. Inexplicably, Minedmap and Serenity Alpha failed to retrieve the Miners. We believe this was due the fact that a large bond would have been required. (See, Neidl's June 22, 2020 letter attached as Exhibit "A").

According to my client, in February 2021 it ceased operations at its 193 E. Seneca Street, Oswego location in February 2021 due to a permit dispute with the City of Oswego. Notably, Michael Maranda lives on Long Island and is not regularly at Defendants' Western New York facility. Defendants' workers apparently moved the miners from that location to Defendants' other location at 2140 County Route 1 in the adjacent Town of Scriba, NY. Permission from the Court should have been sought to move the miners, but unintentionally, was not.

It must be remembered that the Plaintiffs vehemently denied that these were in fact their miners. (See, Plaintiff's motion for contempt at Doc # 110).

Defendants are in the cryptocurrency mining business and utilize thousands of miners. (See Defendants are constantly buying and selling equipment.

While Plaintiff alleges 93 of its miners were sold, only 9 photos of miners with serial numbers were provided. Plaintiff has further failed to cross reference the serial numbers shown therein with its own list of serial numbers which, by the way, encompasses miners owned by Minedmap and / or the former Plaintiff, Serenity Alpha.

My client denies that any of Minedmap's miners were sent to "Lars" in Hennepin, Illinois.

It should be noted that Defendants voluntarily disclosed the fact that some of the miners were damaged by a power surge and insurance paid on a claim relating thereto. Defendants thereafter transmitted the resulting insurance proceeds to the undersigned's escrow account and that money is still being held pending further Order of the Court. (See, Defendant's letter at Doc #136 and Order at Doc #140).

To the extent any of Minedmap's miners were inadvertently transferred to third parties, Defendants will either replace them with identical units or place additional funds in counsel's escrow account pending a further order from the District Court Judge.

We also hereby also respectfully request that we be permitted to obtain discovery regarding which miners the remaining plaintiff Minedmap is claiming that it owns.

By way of history there were originally three (3) plaintiffs in this matter, 9384 – 2557 Québec Inc, Serenity Alpha, LLC, interest and Minedmap, Inc. All plaintiffs except Minedmap, Inc. have been dismissed from this action on forum non conveniens grounds. (Doc # 147).

Minedmap is the only remaining Plaintiff.

The original complaint alleged that both Serenity Alpha and Minedmap delivered a total of 2686 miners to Defendant's facility. (Doc #2 at paragraph 88.) "Exhibit 5" cited by the original complaint, purporting to be a list of both Serenity Alpha and Minedmap's miners, was missing from that pleading.

Similarly, Minedmap's amended complaint at paragraph 75 alleges that both "Minedmap and Serenity Alpha shipped 2686 miners to Northway" (emphasis added) (Doc # 150). Again, a list of miners was supposed to be attached to Plaintiff's amended complaint as "Exhibit 5", but was not.

The Orders of Seizure and Your Honor's order (Doc#76) originally applied to all 2686 miners supposedly delivered to Defendants by both Minedmap and Serenity Alpha.

Now it is unclear as to the number of miners (and their serial numbers) alleged to be owned by Serenity Alpha versus Minedmap.

Thus, it is unclear which miners remain subject to the Court's jurisdiction since Serenity Alpha has been dismissed from the case and it claimed ownership interest over some of the miners allegedly held by Defendants.

We therefore seek discovery and clarification of this point and respectfully request that Defendants be permitted to obtain discovery regarding which miners, if any, the remaining plaintiff Minedmap claims it owns.

Finally, we request that Plaintiff submit proof in admissible form supporting its allegations in advance of the upcoming in person hearing on May 12, 2021.

Respectfully submitted,

E. STEWART JONES HACKER MURPHY, LLP

/s/ John F. Harwick, Esq.
John F. Harwick
jharwick@joneshacker.com
Direct Dial: (518) 213-0113

JFH:dmd
Enclosures

cc:   T. Edwards Williams, Esq.
      Client