**E. STEWART Jones Hacker Murphy LLP**
ATTORNEYS & COUNSELORS AT LAW

Please send all mail to:
TROY OFFICE

28 SECOND STREET
TROY, NY 12180
PHONE: (518) 274-5820

200 HARBORSIDE DRIVE, SUITE 300
SCHENECTADY, NY 12305
PHONE: (518) 783-3843

511 BROADWAY
SARATOGA SPRINGS, NY 12866
PHONE: (518) 584-8886

1659 CENTRAL AVENUE, SUITE 103
ALBANY, NY 12205
PHONE: (518) 486-8800

FAX: (518) 274-5875

www.joneshacker.com

May 7, 2021

**Via ECF**

Hon. David N. Hurd
United States District Court Judge
United States District Court—NDNY
Alexander Pirnie Federal Building & U.S. Courthouse
10 Broad Street
Utica, N.Y.  13501

Re:   Serenity Alpha LLC et. al. v. Northway Mining LLC, et al.
      Case No.: 19-cv-00501

Dear Judge Hurd:

This firm represents defendants Michael Maranda, Northway Mining LLC, Michael Maranda LLC, Hudson Data Center and Michael Carter.  I write to object to the plaintiff's late-filed memorandum of law in opposition to our motion to dismiss, which the plaintiff electronically filed at 11:56 p.m. last night (ECF Doc. #166).

As an initial matter, I note that at the final page of the memorandum, the plaintiff's attorney certifies that he served the memorandum of law on me and John Harwick (also of this firm) on May 3, 2021 (ECF Doc. #166 pg. 32 of 32).  That is untrue.  The only service the plaintiff made of this memorandum of law was through the ECF filing a few minutes before midnight last night.  The first time we saw this memorandum of law was this morning.

In terms of the procedural history, we filed the motion to dismiss on April 1, 2021 (ECF Doc. 157).  Pursuant to Local Rule 7.1(a)(1), the plaintiff's opposition was due April 22 and our reply was due a week later, April 29 (Id).  The plaintiff's attorney, Mr. Williams, contacted us prior to his initial response deadline to request an additional two weeks to prepare his opposition.  We consented to that, provided that our time to reply be extended as well to one week after he filed the opposition—by granting Mr. Williams the additional time, we certainly did not want to waive our reply rights.  The parties stipulated to a new briefing schedule in which the plaintiff's opposition would be due by May 3, and our reply due one week later, May 10 (ECF Docs. #159 and #161).

On May 3, 2021, the plaintiff filed a document in opposition called "Notice of Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss," which briefly (very briefly) responded to our arguments for dismissal (ECF Doc. #164).  That document was not a request for additional time to file a memorandum of law.  In fact, I thought it was some kind of superficial memorandum of law: in the opening few lines, the plaintiff states

*John F. Harwick, Esq.*

that it "*is filing* this Notice of Memorandum of Law … *and the Memorandum of Law* in Opposition to the Defendants' Motion to Dismiss" (emphasis added).  I did not take this as a "notice" that the plaintiff would be filing a separate memorandum of law several days after its deadline (because there is no allowance for such a thing in the rules) and, if I had, I would have objected at that time.

The plaintiff was supposed to file its opposition this past Monday, but has instead filed the 30 page memorandum of law very late last night so that we do not have it until today, Friday.  The plaintiff did so without any explanation.  The plaintiff did not request additional time from us, or from the Court.  This appears to be calculated to deprive us of adequate time to reply to the memorandum—under the briefing schedule and the local rules, our reply would be due this coming Monday, May 10.  That is obviously prejudicial to the moving defendants.

This late filing breaches Local Rule 7.1(a)(1) because it was not filed within 21 days after the motion was made or by the so-ordered, stipulated adjourned date of May, it breaches Local Rule 7.1(a)(3) because the plaintiff did not seek additional time upon good cause shown ("The Court shall not consider any papers required under this Rule that are not timely filed or are otherwise not in compliance with this Rule unless good cause is shown"), and even breaches Local Rule 7.1(b)(1) because the memorandum is five pages longer than the Court's 25 page limit.  This is not the first time the plaintiff has disregarded Local Rule 7.1 (see ECF Doc. #84).  Therefore, we respectfully request that ECF Doc. #166 be stricken or, failing that, an adjustment of the briefing schedule to permit more time to reply.

Sincerely,

E. STEWART JONES HACKER MURPHY LLP

Benjamin F. Neidl, Esq.
Bneidl@joneshacker.com

c.c.   T. Edward Williams, Esq. (via ECF)
       John Harwick, Esq. (via ECF)