

**New York | Colorado**

New York, May 10, 2021

<u>VIA ECF</u>
The Honorable David N. Hurd
District Court—NDNY
10 Broad Street
Utica, NY 13501

**RE:   RESPONSE TO LETTER MOTION DATED FRIDAY, MAY 7, 2021, ECF Doc. No. 157.**

Judge David N. Hurd:

This firm represents Plaintiff, MinedMap, Inc. ("MinedMap"). Today, May 10, 2021, this Court issued a Text Order in which it struck Plaintiff's Memorandum of Law filed in opposition to Defendants' Motion to Dismiss—without even giving Plaintiff the opportunity to respond to that Defendants' Letter Motion dated Friday, May 7, 2021 seeking that relief. The Court's Text Order is not only unfair—The Court did not wait on Plaintiff's Response to Defendant's Letter Motion—but also wrong because the Order is based on speculation, on unwarranted assumptions, and on Defendants' misrepresentations to the Court.

Today is the Plaintiff's first opportunity to Respond to Defendants' Letter Motion because Plaintiff's counsel had Final Arbitration Hearings in another matter on Friday May 7, 2021 and on Saturday, May 8, 2021. Sunday, May 9, 2021 was Mother's day, and, in any event, would not be a day on which to file pleadings per Fed. R. Civ. P. 6.

Defendants' representations regarding the filing of Plaintiff's Memorandum of Law are largely false. On May 3, 2021, Plaintiff's Memorandum of Law was due, per stipulation, but when Plaintiff attempted to file its Memorandum of Law, the CM/ECF system rejected the pleading based on certain metadata formatting issues.



On Tuesday, May 4, 2021, the Undersigned had a 17-minute telephone conversation with John Harwick, Esq., who is one of the attorneys representing Defendants, about that issue and John Harwick stated plainly that he had not reviewed the Notice that was filed, but as long as Plaintiff agreed that Defendants would get 7 days, from the filing, that would be fine with him and Defendants. (*As a point of fact, the Undersigned had the same issue with the CM/ECF system about two days before on another submission, but Judge Hummel's Chamber was available, and it uploaded the rejected documents on its end*).

In any event, until Defendants filed their Letter Motion, Plaintiff was under the impression that once the CM/ECF issue was resolved, Defendants would have from the date of that filing to submit their Reply. Nevertheless, as it turned out, the issue was with embedding text messages within the document. Thus, when text messages are embedded in a document using Adobe Pdf Reader, apparently, CM/ECF does not see an issue, but when the same is done using the AABYY FineReader, the PDF software the Undersigned's firm uses because that software is more capable than the Adobe Pdf Reader, CM/ECF rejects the document. In addition, even after the undersigned removed the embedded items and switched to Adobe PDF Reader for purposes of filing, that issue persisted. As the Undersigned learned later, the issue persisted because the entire document had been corrupted and so had to be erased.

Without wanting to erase the document, the Undersigned then had to call Microsoft customer service line, which returned the undersigned called on later on May 4, 2021, instructed the Undersigned on restarting Microsoft Word in save mode and removed the formatting. The reason for undertaking the foregoing steps was to prevent the Undersigned from erasing the document and starting anew.

The foregoing was not previously an issue and so the Undersigned did not see it coming. For example, at Paragraph 207 of the Amended Complaint, the Undersigned was able to embed text messages using AABYY FineReader and the CM/ECF system accepted that document. The undersigned learned that a recent update to the AABYY Fine Reader created the problem. Apparently, the CM/ECF system is not compatible



with the AABYY FineReader, even though AABYY is a superior product to Adobe PDF Reader.

In any event, after seeking assistance, including calling this Court and being instructed that issues with ECF must be submitted online through a ticket request (this is different from what is done in other federal courts that use CM/ECF system), the Undersigned sought resolution of the issue and did in the end resolve the issue. Plaintiff made Defendants aware of this issue as the issue was unfolding. Defendants claimed they did not have a problem with Plaintiff's submittal.

The Court's text order notes that Plaintiff did not explain in submitting the Memorandum of Law that there had been an issue, but one need not explain what was already explained and understood by the parties. If Benjamin Neidl did not speak with John Harwick before submitting the letter motion, the issue lies with Defendants, not with Plaintiff.

The Undersigned notes that the timing of the filing was unrelated to the preparation of the documents. The Undersigned had witness preparation for Final Hearings in the Arbitration mentioned above and until 11:31:32 PM EST. It was only after the Undersigned had completed witness preparations that the Undersigned turned to filing the document.

Plaintiff notes it has been the victim of a substantial theft by the Defendants. Yet, throughout this proceeding, the Plaintiff has been the one to face substantial scrutiny and obstacles for presenting its claims before this Court. Every technicality and fantasy raised by Defendants have been indulged by this court and it clearly cuts against the Fed. R. Civ. P. 1, requiring this Court to do justice.  As an example, Plaintiff states that this Court denied Plaintiff's Motions for Civil and Criminal Contempt, among other motions, for lack of evidence, even though Plaintiff had submitted multiple requests for hearing at which to present evidence on of civil and criminal contempt.

In any event, the issue of civil and criminal contempt was clear cut from the record. (Judge McAvoy even stated, on the Record, that Plaintiff could seek civil and criminal contempt against Defendants).



Plaintiff further notes that this Court denied the Motion for Civil and Criminal Contempt solely in relying on Defendants' representations that Defendants had made Plaintiff's Miners available to Plaintiff. That statement was false. It always has been and always will be. Defendant Maranda is a criminal. He stole and then sold Plaintiff's Miners. This Court did not allow that statement to be tested at a hearing through cross examination. Like what the Court did in its Text Order today, the other rulings have been patently unfair to the Plaintiff. In lieu of seeking self-help, Plaintiff has submitted its claims to this Court for adjudication, but at each turn this Court has forced Plaintiff to turn square corners but have not required the same from Defendants. (It is beyond unclear why this Court would resolve a Motion for Contempt on affidavits when the law is clear that contempt cannot be issued on affidavits alone).

Every argument Defendants have presented have been shoddy and mishappen and they have misrepresented the facts and the issues to this Court. Yet, instead of forcing Defendants to turn square corners as this Court has done with Plaintiff, Defendants arguments have been accepted without even allowing Plaintiff an opportunity to respond. In other instances, this Court has denied multiple requests for a hearing to allow Defendants to present evidence. The way this Court has treated Plaintiff has been perplexing.

Sincerely,

T. Edward Williams, Esq.