## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF NEW YORK

---------------- X

MINEDMAP, INC., a Nevada corporation;  :   1:19-CV-00501-DNH-CFH

**MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW OPPOSING DEENDANTS' MOTION TO DISMISS OUT OF TIME**

                Plaintiff,  :

    against  :   **(ECF Case)**

MICHAEL MARANDA, an individual;
MICHAEL CARTER, an individual;

                Defendants. :

---------------- X

Plaintiff, MinedMap Inc., through counsel, WILLIAMS LLP, submits this Motion to File Plaintiff's Memorandum of Law Out of Time Under Fed. R. Civ. P. 6(b)(1)(B). In Support of this Motion, Plaintiff states as follows:

1

## BACKGROUND

Based on representations from Defendants, this Court entered a Text Order on April 10, 2021, to strike Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss. ECF Doc. No. 168. Hours after the Court issued its Text Order, Plaintiff responded to Defendants' Motion to Dismiss, but the Court reentered the Order it had entered previously. Plaintiff now move under Fed. R. Civ. 6(b)(1)(B) for an Order permitting their Memorandum of Law.

## ARGUMENT AND AUTHORITIES

A court may allow a pleading out of time for good cause under Fed. R. Civ. P. 6(b)(1)(B). *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship*, 507 U.S. 380, 395 (1992). In *Pioneer*, the Supreme Court held that in considering a motion under Fed. R. Civ. P. 6(b)(1)(B), the court must consider several factors, including, (1) whether granting the delay will prejudice the opposing party; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay of the delay was beyond the reasonable control of the person whose duty it was to perform;

and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 400.

As the Supreme Court and Second Circuit has recognized, excusable neglect is an elastic concept, and it is not limited to certain conduct. *Id*. at 392. Whether the conduct results from excusable neglect depends on the nature of what occurred. *Id*. at 400. After the reason for the delay is determined, then the court will determine the other elements including prejudice to the nonmovant, the length of the delay, and whether the movant acted in good faith. *Id*. 400. The Second Circuit has repeatedly held that courts should resolve cases on their merit, and not on technicalities. *Rodriguez v. Village Green Realty, LLC*, 788 F.3d 31, 47 (2d Cir. 2015).

The CM/ECF system rejected the initial filing of the Memorandum of Law because, as the Undersigned later came to understand, the pdf software the undersigned used does not absorb as text images that are embedded in documents. When this is the case, the CM/ECF system rejects the document as a filing error. The Undersigned made multiple attempts but could not make the filing. Although Defendants' counsel claims he does not recall—a code for not wanting to commit perjury—Defendants counsel learned of this

4138-3334-1741, v. 2

issue and expressly agreed that once the issue was resolved and the Memorandum of Law filed, they would then submit their Reply 7 days later. Thus, the issue that arose had nothing to do with Plaintiff's counsel being delinquent or inattentive. In fact, the issue was beyond the ken of the Undersigned, and so, the Undersigned sought help from various avenues, including from this Court. The issue was resolved immediately. Because the cause of the issue described was outside the control of the undersigned and because the Plaintiff was not responsible for causing the issue, the issue itself constitutes good cause under the Supreme Court's reasoning in Pioneer.

In addition, there is no prejudice to Defendants. In fact, Defendants had expressly agreed to file its Reply 7 days from receipt of the Memorandum of Law. Nor was there any bad faith as the Undersigned readily explained the issue to Defendants' counsel immediately as it arose. In fact, the Undersigned expressly asked whether counsel wanted an emailed version of the Memorandum, but counsel stated that he would take the filed version on the CM/ECF system and would proceed from there. The length of the delay was negligible. The Memorandum was filed three days later based on an agreement between the parties. The

4138-3334-1741, v. 2

3-day filing had no impact on this Court's calendar because no Scheduling Order has been issued by this Court. Based on the above, Plaintiff has met the Pioneer elements.

Moreover, the Court's second reason for rejecting the Memorandum of Law was not well founded. The Court held that the Memorandum of Law exceeded 25 pages. But this statement is not accurate. In counting pages, the Table of Authorities, the Table of Contents, and the Certificate of Service are not counted. The relevant Local Rule is silent on whether litigants count the Table of Authorities, Table of Contents and Certificate of Service. Thus, not counting those sections, the Court will see that, as filed, the Memorandum of Law is exactly 25 pages. The Court will notice that the first page of that document (the Introduction) begins at page 7 and runs to Page 32. (*32 minus 7 is 25*).

In any event, assuming without clear understanding from the Court that the 25-page limit includes Table of Authorities, Table of Contents, and the Certificate of Service, Plaintiff has revised its Memorandum of Law without much change and that Memorandum is being provided to this Court. It is 25 pages, including the Table of Authorities, Table of Contents, and the Certificate of Service.

4138-3334-1741, v. 2

Dated: May 10, 2021.
New York, New York

                                        **RESPECTFULLY SUBMITTED,**

                                        */s/ T. Edward Williams, Esq.*
                                        T. Edward Williams, Esq.
                                        WILLIAMS LLP
                                        7 World Trade Center
                                        250 Greenwich 46th FL.
                                        New York, New York 10007
                                        Tel: 212.634.9106
                                        Fax: 212.202.6228
                                        Edward@williamsllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May 2021, this **MOTION FOR LEAVE TO SUBMIT MEMORANDUM OF LAW OUT OF TIME** was served on the following individuals:

John Harwick, Esq. *via ECF*
Ben Neidl, Esq. *via ECF*
*Counsel for Maranda Defendants*