MANDATE

21-1480-cv
MinedMap, Inc. v. Northway Mining, LLC, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of February, two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
               ROBERT D. SACK,
               MYRNA PÉREZ,

          *Circuit Judges*.

MINEDMAP, INC., A NEVADA LIMITED LIABILITY,

        *Plaintiff-Appellant*,

        v.                                                           21-1480-cv

NORTHWAY MINING, LLC, MICHAEL MARANDA,
HUDSON DATA CENTER, INC., MICHAEL CARTER,
AN INDIVIDUAL, MICHAEL MARANDA LLC,[1]

        *Defendants-Appellees*.

Appearing for Appellant:     T. Edward Williams, New York, N.Y.

Appearing for Appellee:     Benjamin Fisher Neidl, E. Stewart Jones Hacker Murphy, LLP, Troy, N.Y.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

---

[1] The Clerk of the Court is directed to amend the caption as above.

MANDATE ISSUED ON 03/18/2022

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of said District Court be and it hereby is **AFFIRMED**.

MinedMap, Inc. appeals from the May 13, 2021 order and judgment of the United States District Court for the Northern District of New York (Hurd, *J.*) dismissing MinedMap's civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, 18 U.S.C. §§ 1961-1968, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and dismissing the remainder of the complaint for lack of diversity jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

MinedMap alleges that defendants Northway Mining, LLC, Michael Maranda, Hudson Data Center, Inc., Michael Carter, and Michael Maranda LLC committed RICO violations based on mail fraud under 18 U.S.C. § 1341, wire fraud under 18 U.S.C. § 1343, and violations of the Computer Fraud and Abuse Act under 18 U.S.C. § 1030. "RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 489 (2d Cir. 2014) (internal quotation marks omitted). For a RICO claim to survive, a plaintiff must adequately allege "the existence of seven constituent elements: (1) that the defendant[s] (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983); *see also* 18 U.S.C. § 1962(a)-(c).

At issue here is whether MinedMap has alleged sufficient acts to demonstrate a continuing RICO enterprise. A party can demonstrate the "so-called 'continuity' requirement . . . either by showing a 'closed-ended' pattern–a series of related predicate acts extending over a substantial period of time–or by demonstrating an 'open-ended' pattern of racketeering activity that poses a threat of continuing criminal conduct beyond the period which the predicate acts were performed." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008). MinedMap alleges both a closed-ended pattern and an open-ended pattern of racketeering, however, both claims are ultimately unsuccessful.

The Supreme Court did not explicitly define the outer limits of time necessary to demonstrate a closed-ended pattern of racketeering but noted that it must be "a substantial period of time" not "weeks or months." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989). We have held that "while two years may be the *minimum* duration necessary to find closed-ended continuity, the mere fact that predicate acts span two years is insufficient, without more, to support a finding of a closed-ended pattern." *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 181 (2d Cir. 2004). "[T]he duration of a pattern of racketeering activity is measured by the RICO predicate acts" that the defendants are alleged to have committed. *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 243 (2d Cir. 1999). "Ordinary theft offenses and conspiracies to commit them are not among the predicate activities defined in 18 U.S.C. § 1961(1)." *Spool*, 520 F.3d at 184. Here defendants' alleged RICO predicate acts span at most a

series of months, not years. Even construing MinedMap's allegations liberally, the alleged RICO predicate acts do not meet the two-year requirement. MinedMap's complaint alleges in conclusory fashion that defendants' RICO acts started in 2017 and continued into March 2021, when Maranda was attempting to sell MinedMap's Bitcoin Miners. But an ordinary theft offense such as that alleged here does not fall within the RICO framework. *See* 18 U.S.C. § 1961(1); *see also Spool*, 520 F.3d at 184 ("Ordinary theft offenses and conspiracies to commit them are not among the predicate activities defined in 18 U.S.C. § 1961(1)"). Moreover, those allegations that arguably could qualify as RICO predicate acts are not well-pleaded even under Fed. R. Civ. P. 12(b)(6), and thus fail to satisfy the heightened pleading standard that Fed. R. Civ. P. 9(b) requires for alleged mail and wire fraud predicate acts. *See First Cap. Asset Mgmt.*, 385 F.3d at 178 ("[A]ll allegations of fraudulent predicate acts[] are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).").

MinedMap's closed-ended continuity claims also fail because they are more akin to garden variety breach of contract and tort claims than a large-scale civil RICO claim. When analyzing a closed-ended continuity pattern, courts must consider the number and variety of predicate acts, the complexity and number of the schemes, and the number of participants and victims. *See Spool*, 520 F.3d at 184 (discussing the factors to consider in a closed-ended RICO claim). At most, there is one scheme here: Maranda forming his companies, collecting capital to execute the scheme, and contracting with MinedMap to host the Miners, despite knowing that the defendant companies did not have the capacity to fulfill this contract, and then refusing to return the Miners. Such a scheme can hardly be considered a large-scale fraud as generally seen in RICO cases. *See*, *e.g.*, *First Cap. Asset Mgmt.*, 385 F.3d at 182 ("At bottom, Plaintiffs have alleged that Sohrab engaged in a single scheme to defraud two creditors by quickly moving his assets to his relatives and then concealing the existence of those assets during his bankruptcy proceeding. But however egregious Sohrab's fraud on Plaintiffs may have been, they have failed to allege that he engaged in a pattern of racketeering activity.")

MinedMap also argues that dismissal is unwarranted because it alleges an open-ended pattern of racketeering. To satisfy open-ended continuity, a plaintiff need not allege that the predicates extended over a substantial period of time, but must allege that there was a threat of continuing criminal activity beyond the period during which the predicate acts were performed. *See Cofacredit*, 187 F.3d at 242. "This threat is generally presumed when the enterprise's business is primarily or inherently unlawful," *Spool*, 520 F.3d at 185, but "[w]here the enterprise primarily conducts a legitimate business, there must be some evidence from which it may be inferred that the predicate acts were the regular way of operating that business, or that the nature of the predicate acts themselves implies a threat of continued criminal activity." *Cofacredit*, 187 F.3d at 243.

Open-ended continuity does not exist where the scheme is "inherently terminable." *GICC Cap. Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 466 (2d Cir. 1995). MinedMap failed to allege open-ended continuity. First, MinedMap's allegations are largely conclusory and do not allege with the requisite particularity how the fraud scheme would continue into the future. MinedMap includes one allegation that Maranda continued to attempt to sell MinedMap's property to third parties as of March 2021. Yet the heart of the alleged scheme is that Maranda overstated his company's ability to host MinedMap's Miners, that he refused to return Miners or deposits to

3

MinedMap, and that he and the other defendants are misappropriating MinedMap's property. This is not a fraud scheme that can continue into the future, as it will inherently cease once Maranda or other defendants run of out MinedMap's property to sell or the funds from MinedMap's deposit dry up. "Even if we assume that defendants' scheme was designed to deprive [MinedMap] of its assets, it is clear that the scheme was *inherently* terminable. It defies logic to suggest that a threat of continued looting activity exists when … there is nothing left to loot." *GICC Cap. Corp.*, 67 F.3d at 466. Because MinedMap does not adequately allege a threat of continuing criminal activity, its claim for open-ended continuity fails.

MinedMap also argues that the district court erred in dismissing the remainder of its claims, which sound in state law, for lack of diversity jurisdiction. "In reviewing a dismissal for lack of subject matter jurisdiction, we examine de novo the district court's legal conclusions," *Connors v. United States*, 863 F.3d 158, 160 (2d Cir. 2017), "accept[ing] as true all material facts alleged in the complaint and draw[ing] all reasonable inferences in the plaintiff's favor." *Merritt v. Shuttle, Inc.*, 245 F.3d 182, 186 (2d Cir. 2001). Diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins.*, 160 F.3d 925, 930 (2d Cir. 1998). The district court held that MinedMap did not adequately allege diversity jurisdiction because MinedMap failed to allege the citizenship of the members of the limited liability companies. *MinedMap, Inc. v. Northway Mining, LLC*, 1:19-CV-501, 2021 WL 1926452, at *7 (N.D.N.Y. May 13, 2021). Where the parties are limited liability companies, diversity must exist as to each member. *Handelsman v. Bedford Vill. Ass'n Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000). The second amended complaint failed to allege the membership and citizenship of several of the defendants, which suffices to grant dismissal for lack of subject matter jurisdiction. We also agree with the district court's determination that MinedMap failed to sufficiently allege its own citizenship. "For jurisdictional purposes, a corporation is deemed to be a citizen both of the state in which it has been incorporated and the state in which it has its principal place of business." *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1998); *see* 28 U.S.C. § 1332(c). Diversity jurisdiction is unavailable when a complaint fails to allege both a corporation's state of incorporation and its principal place of business. *See Advani Enterprises, Inc.*, 140 F.3d at 161. Here, MinedMap only alleged that it is a Nevada corporation. The district court did not err in granting dismissal on these grounds.

Because of this, the district court did not err in refusing to exercise supplemental jurisdiction over MinedMap's numerous state law claims. A federal court may decline to exercise supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c); *see also Shahriar v. Smith & Wollensky Rest. Grp.*, 659 F.3d 234, 245 (2d Cir. 2011). The district court considered these factors and found that there were no exceptional circumstances present. *MinedMap*, 2021 WL 1926452, at *8.

4

We have considered the remainder of MinedMap's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5